T 510.725.3000    F 510.725.3001



Lucas E Gilmore
Partner
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 HEARST AVENUE, SUITE 202
BERKELEY, CA  94710
www.hbsslaw.com
**Direct (510) 725-3036**
**lucasg@hbsslaw.com**

August 11, 2022

**VIA ECF**

Hon. Charles J. Siragusa
United States Magistrate Judge
100 State Street, Room 127
Rochester, NY  14614

Re:   *In re Hyzon Motors Inc. Securities Litig.*, No. No. 6:21-cv-06612-CJS-MWP
      **Joint Letter Motion Re: Filing of Second Consolidated Amended Complaint**

Dear Judge Siragusa,

Lead Plaintiff Alfred Miller, and Defendants Hyzon Motors Inc., Erik Anderson, Peter Haskopoulos, Craig Knight, Mark Gordon, George Gu, and Robert Tichio (collectively, "Defendants"), by and through their respective counsel, write to jointly request that Court enter an Order:

(i)    terminating Defendants' pending motion to dismiss without prejudice;

(ii)   granting Lead Plaintiff leave to file a Second Consolidated Amended Complaint ("SCAC"); and

(iii)  approving the Parties' stipulated schedule for filing a SCAC and briefing Defendants' anticipated motion to dismiss a SCAC.

Good cause exists to grant the requested relief. Lead Plaintiff submits that since the filing of the operative complaint, new facts have emerged that justify the expansion of the alleged class period. Allowing Lead Plaintiff to file an amended complaint containing these new allegations will conserve party and judicial resources, as it will obviate the need for further briefing on and the Court's review of a motion to dismiss challenging a complaint that Lead Plaintiff submits should be superseded.

Finally, the requested relief will cause no prejudice. Granting the joint request will not delay trial, as there is no pretrial schedule or trial date set in this action. Moreover, the parties submit they have proposed a reasonable schedule for the filing of a SCAC and briefing on Defendants' anticipated motion to dismiss a SCAC.

Hon. Charles J. Siragusa
August 11, 2022
Page 2

## Background

On March 21, 2022, Lead Plaintiff filed the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "CAC"), alleging claims under the Securities Exchange Act of 1934 on behalf of a putative class of investors who purchased or otherwise acquired securities of Hyzon Motors Inc. f/k/a Decarbonization Plus Acquisition Corporation ("Hyzon" or the "Company") during the period from February 9, 2021 to January 12, 2022, inclusive (the "Class Period"), and were damaged thereby (the "Class"). ECF No. 34.

On May 20, 2022, Defendants filed their motion to dismiss the CAC. ECF Nos. 48-50. On July 19, 2022, Lead Plaintiff filed his opposition to the motion to dismiss. ECF No. 52. Under the existing scheduling order, Defendants are to file their reply in support of the motion to dismiss by August 18, 2022. ECF No. 33.

Since the filing of the CAC on March 21, 2022, however, a number of disclosure events have occurred at Hyzon which Lead Plaintiff contends (i) relate to the claims and allegations in the CAC, including most recently Hyzon's disclosures in its Form 8-K filed with the SEC on August 4, 2022, and (ii) justify amending the CAC to include these new facts and enlarge the Class Period.

## Request for Relief

In light of the foregoing, Lead Plaintiff has requested, and Defendants have agreed, that the Court should enter an Order: (i) terminating Defendants' pending motion to dismiss without prejudice; (ii) granting Lead Plaintiff leave to file a SCAC; and (iii) approving the Parties' stipulated schedule for filing a SCAC and briefing Defendants' anticipated motion to dismiss a SCAC.

This Court has broad, inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."[1] All Parties consent to these requests and agree that good cause exists for the Court to enter such an Order. Other than a modest one-week extension for the filing of the CAC and dependent deadlines (ECF No. 33), there have been no prior extensions or adjournments. No significant deadlines

---

[1] *Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*, No. 1:10-cv-00781-EAW-JJM, 2018 U.S. Dist. LEXIS 111472, at *5 (W.D.N.Y. Jan. 16, 2018); *see also Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

Case 6:21-cv-06612-CJS-MJP    Document 53    Filed 08/11/22    Page 3 of 5

Hon. Charles J. Siragusa
August 11, 2022
Page 3

will be impacted by the request, as there is no pretrial schedule or trial date set in this action.

Accordingly, the Parties, subject to approval of the Court, hereby stipulate and agree as follows:

1.  Defendants' pending motion to dismiss is terminated without prejudice.

2.  Lead Plaintiff is granted leave to file a SCAC, which Lead Plaintiff shall file by September 16, 2022.

3.  Defendants shall move to dismiss or otherwise respond to a SCAC by November 18, 2022.

4.  Lead Plaintiff shall file his opposition to the Motion(s) to Dismiss a SCAC by January 20, 2023.

5.  Defendants shall file their reply or replies to the opposition to the Motion(s) to Dismiss a SCAC by February 17, 2023.

6.  The hearing on the Motion(s) to Dismiss a SCAC will be set by the Court.

7.  This stipulation shall not prejudice Defendants' or Lead Plaintiff's rights to request reasonable extensions or seek any other appropriate orders from the Court.

8.  Nothing in this stipulation shall be construed as a waiver of any of Defendants' rights or positions in law or equity, or as a waiver of any defenses that Defendants would otherwise have, including, without limitation, jurisdictional defenses.

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP        SULLIVAN & CROMWELL LLP


/s/      Reed R. Kathrein                             /s/ Jacob M. Croke
Reed. R. Kathrein (*pro hac vice*)          Jacob M. Croke
Lucas E. Gilmore (*pro hac vice*)           SULLIVAN & CROMWELL LLP
HAGENS BERMAN SOBOL SHAPIRO LLP    125 Broad Street
715 Hearst Avenue, Suite 202              New York, NY  10004

Hon. Charles J. Siragusa
August 11, 2022
Page 4

Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Raffi Melanson
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile:  (617) 482-3003
raffim@hbsslaw.com

Steven W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Lead Counsel for Lead Plaintiff
Alfred Miller*

Brian J. Schall (*pro hac vice* forthcoming)
**THE SCHALL LAW FIRM**
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile:  (310) 388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff
Alfred Miller*

Telephone: (212) 558-4000
Facsimile:  (212) 558-3588
crokej@sullcrom.com

*Counsel for Defendants Hyzon Motors
Inc., Erik Anderson, Peter Haskopoulos,
Craig Knight, Mark Gordon, George Gu,
and Robert Tichio*

Hon. Charles J. Siragusa
August 11, 2022
Page 5

**IT IS SO ORDERED.**

DATED: _Aug. 17_____, 2022        _Charles Siragusa_____

CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE