**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE HYZON MOTORS INC.<br>SECURITIES LITIGATION<br><br>*This Document Relates to:*<br>*ALL ACTIONS* | Case No. 6:21-cv-06612-CJS-MWP |

**<u>LEAD PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Lead Plaintiff Alfred Miller submits this notice of supplemental authority in connection with Defendants' motions to dismiss the operative Third Amended Consolidated Complaint, which motions were filed on September 13, 2023 (ECF Nos. 89-94) and have been *sub judice* as of November 23, 2023. ECF Nos. 96-99

On August 19, 2024, the United States Court of Appeals for the Second Circuit issued a decision relevant to this Court's analysis of Lead Plaintiff's Rule 10b-5 claims., *Moab Partners, L.P. v. Macquarie Infrastructure Corp.*, No. 21-2524, 2024 WL 3867669 (2d Cir. Aug. 19, 2024) (attached hereto as Exhibit A) ("*Moab Partners II*").

Applying the Supreme Court's decision in *Macquarie Infrastructure Corp. v. Moab Partners, L. P.*, 601 U.S. 257, 144 S. Ct. 885, 218 L. Ed. 2d 214 (2024) ("*Macquarie*"), *Moab Partners II* dismissed those portions of the securities fraud plaintiff's claims that the Second Circuit had previously sustained in *Moab Partners I* brought under Rule 10b-5(b) based on a pure omission theory. *Moab Partners*, 2024 WL 3867669, at *2 (discussing *Moab Partners I*, No. 21-2524, 2022 WL 17815767, at *2-*4 (2d Cir. Dec. 20, 2022). As relevant to the instant case, however, the Second Circuit kept intact the claims it previously sustained in *Moab Partners I* brought under Rule 10b-5(b) relying on so-called "half-truths," in other words, those claims alleging that affirmative statements made by Defendants were rendered misleading based on Defendants' failure to disclose material facts to prevent the statements from being inaccurate or incomplete. *Id*. (discussing *Moab Partners I*, 2022 WL 17815767, at *5).

As further relevant to the instant action, *Moab Partners II* observed that the Supreme Court's holding and analysis in *Macquarie* only applied to claims brought under Rule 10b(5)-(b) and therefore did not touch the plaintiff's scheme liability claims that the Second Circuit previously sustained in *Moab Partners I* brought under Rule 10b-5(a) and (c). *Id*.

Given that the operative Third Amended Complaint similarly alleges claims under Rule 10b-5(b) relying on half-truths (*see, e.g.*, ECF No. 96 at pp. 23-30 for discussion), as well as scheme liability claims under Rule 10b-5(a) and (c) (*id.* at pp. 59-61), Lead Plaintiff respectfully submits that *Moab Partners II* is instructive to the Court's ruling on Defendants' fully ripe motions to dismiss.

Dated this 20th day of September, 2024.     Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

　　　*/s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Reed. R. Kathrein (*pro hac vice*)
Lucas E. Gilmore (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Raffi Melanson
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1 Faneuil Hall Sq., 5th Floor
Boston, MA 02109
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
raffim@hbsslaw.com

*Lead Counsel for Lead Plaintiff Alfred Miller*

Brian J. Schall (*pro hac vice* forthcoming)
**THE SCHALL LAW FIRM**

2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile: 310-388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Alfred Miller*