**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE HYZON MOTORS INC. SECURITIES LITIGATION | Case No. 6:21-cv-06612-MAV-MWP |
| *This Document Relates to:* *ALL ACTIONS* | |

**LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO EXPEDITE HEARING ON MOTION TO ENJOIN THE PROPOSED CLASS SETTLEMENT IN THE *MALORK* CHANCERY COURT ACTION**

PLEASE TAKE NOTICE that Lead Plaintiff Alfred Miller, by and through his attorneys, respectfully requests that this Court, pursuant to Local Rule 7(d)(1), expedite consideration of Lead Plaintiff's Motion to Enjoin the Proposed Class Settlement in the *Malork* Chancery Court Action. The Motion to Enjoin seeks to enjoin a class action settlement reached in a related state court case, which (i) creates a non-opt out class consisting of members of the putative federal class in this case; (ii) releases claims alleged in this federal case (over which this Court enjoys exclusive jurisdiction); and (iii) releases claims only against certain defendants in this case.

In support of this Motion to Expedite, Lead Plaintiff files herewith a proposed order granting expedited consideration, including an expedited briefing schedule. Lead Plaintiff will serve the state court parties with all motion papers concurrent with the filing of the Motion to Expedite and Motion to Enjoin. Should Defendants, the plaintiff in the state court case, or any other interested party oppose Lead Plaintiff's request for an expedited hearing, Lead Plaintiff intends to file a reply in further support of the motion.

As explained in greater detail in the Motion to Enjoin the Proposed Class Settlement in the *Malork* Chancery Court Action:

-1-

011054-11/3214117 V1

1.      The state court parties crafted this overbroad release without any involvement or input from Lead Plaintiff in this action.

2.      If procedurally advanced, the state court settlement will frustrate this putative federal class action lawsuit and the unique federal rights conferred on Lead Plaintiff by the PSLRA, as the presumptively most adequate class representative.

3.      These concerns are not academic. Lead Plaintiff believes the state court plaintiff is globally settling all claims brought in any actions for significantly less than (i) maximum damages and (ii) the damages investors may be entitled to in the federal action arising from the very same pre-merger misstatements and misconduct by the DCRB Defendants.

4.      Additionally, the state court settlement's notices to investors—which do not even mention this federal action or the potentially higher out-of-pocket damages they could receive in this venue—threatens to confuse, mislead, and unduly prejudice investors from making informed decisions about whether to participate in or object to the forced-through state law settlement.

5.      There is ample good cause for considering Lead Plaintiff's motion on an expedited basis. On Wednesday, June 25, 2025—the day after Lead Plaintiff met and conferred with the *Malork* parties to have them reconsider their overbroad release, the Chancery Court—uninformed of the above-described issues, entered a scheduling order advancing consideration of the *Malork* Stipulation. Under that schedule, the *Malork* plaintiffs must issue the class notices at issue by July 17, 2025. A copy of the Chancery Court's Scheduling Order is attached to the Declaration of Lucas E. Gilmore, filed concurrently herewith, at Exhibit E.

6.      Despite best efforts by the federal and state court litigating parties, it has not been practicable to resolve the disputed issues.

-2-

011054-11/3214117 V1

7.    As a result, expedited consideration is necessary to protect the interest of absentee class members in both the state court and federal court actions.

Lead Plaintiff thus respectfully requests that this Court set a briefing schedule that allows for expedited consideration of the Motion to Enjoin before class notices issue in the state court action.

DATED: June 27, 2025.                                    Respectfully submitted,

*/s/ Lucas E. Gilmore*
Lucas E. Gilmore (*pro hac vice*)
Reed. R. Kathrein (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Raffi Melanson
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1 Faneuil Hall Sq., 5th Floor
Boston, MA 02109
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
raffim@hbsslaw.com

*Lead Counsel for Lead Plaintiff Alfred Miller*

-3-

-4-

Brian J. Schall (*pro hac vice* forthcoming)
**THE SCHALL LAW FIRM**
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile: 310-388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Alfred Miller*

-4-

011054-11/3214117 V1