# EXHIBIT A

**EFiled:  Jun 16 2025 11:34AM EDT**
**Transaction ID 76446935**
**Case No. 2022-0260-PAF**

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| JOHN E. MALORK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ERIK ANDERSON, JENNIFER AAKER, JANE KEARNS, PIERRE LAPEYRE, JR., DAVID LEUSCHEN, ROBERT TICHIO, JIM McDERMOTT, JEFFREY TEPPER, MICHAEL WARREN, RIVERSTONE INVESTMENT GROUP LLC, WRG DCRB INVESTORS, LLC and DECARBONIZATION PLUS ACQUISITION SPONSOR, LLC, CRAIG M. KNIGHT, and HYZON MOTORS INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 2022-0260-PAF |

## STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT

This Stipulation and Agreement of Compromise and Settlement (with the Exhibits hereto, the "Stipulation" and the settlement contemplated herein, the "Settlement") in the above-captioned action (the "Action"), filed in the Delaware Court of Chancery (the "Court"), is made and entered into as of June 10, 2025 by and between: (i) plaintiff John E. Malork ("Plaintiff"), individually and on behalf of the Class; and (ii) defendants Erik Anderson, Jennifer Aaker, Jane Kearns, Pierre

Lapeyre, Jr., David Leuschen, Robert Tichio, Jim McDermott, Jeffrey Tepper, Michael Warren, Riverstone Investment Group LLC ("Riverstone"), Decarbonization Plus Acquisition Sponsor, LLC ("DCRB Sponsor"), and WRG DCRB Investors, LLC ("WRG") (collectively, the "Settling Defendants," and together with Plaintiff, the "Parties," and each a "Party"), by and through their respective undersigned counsel.

This Stipulation states all of the terms of the Settlement and resolution of certain claims asserted in the Action and is intended by Plaintiff and the Settling Defendants to fully, finally, and forever compromise, resolve, discharge, and settle the Released Plaintiff's Claims and the Released Defendants' Claims, subject to Court approval.[1]

WHEREAS:

A.     On September 7, 2017, Silver Run Acquisition Corporation III ("Silver Run") was incorporated in Delaware as a special purpose acquisition corporation for the purpose of effecting a merger, capital stock-exchange, asset acquisition, stock purchase, reorganization, or similar business combination.  On August 18, 2020, Silver Run's name was changed to Decarbonization Plus Acquisition Corporation ("Decarb").

---

[1]     Capitalized terms have the meanings set forth in the "Definitions" section below or as otherwise defined in this Stipulation.

2

B.      On October 22, 2020, Decarb went public through its initial public offering of 22,572,502 units at $10.00 per unit.[2]

C.      On February 8, 2021, Decarb and Hyzon Motors Inc. ("Legacy Hyzon") entered into a Business Combination Agreement and Plan of Reorganization, pursuant to which Legacy Hyzon would merge with and into a subsidiary of Decarb (the "Merger"), and Decarb would be renamed Hyzon Motors, Inc. ("Hyzon").

D.      On June 21, 2021, Decarb filed with the SEC a Definitive Proxy Statement relating to the Merger (the "Merger Proxy").  Decarb stockholders had until July 13, 2021 to redeem their shares of Decarb Class A common stock for $10.00 per share.  Decarb stockholders elected to redeem 2,089,323 shares.

E.      On July 15, 2021, Decarb stockholders voted to approve the Merger at a special meeting.

F.      On July 16, 2021, the Merger closed.

G.      On March 18, 2022, Plaintiff commenced the Action by filing a verified class action complaint (the "Original Complaint") on behalf of himself and all other similarly situated former Decarb stockholders, against the Settling Defendants, asserting claims for breach of fiduciary duty resulting from the Settling Defendants'

---

[2]      Including the underwriters' partial exercise of overallotment.

alleged impairment of Decarb stockholders' redemption right in connection with the Merger.

H.    On May 26, 2022, the Settling Defendants filed an opening brief in support of their motion to dismiss Plaintiff's Original Complaint.

I.    On August 2, 2022, Plaintiff filed the verified first amended class action complaint against the Settling Defendants, asserting claims for breach of fiduciary duty (the "First Amended Complaint").

J.    On October 3, 2022, the Settling Defendants filed an opening brief in support of their motion to dismiss Plaintiff's First Amended Complaint.  Plaintiff filed an answering brief in opposition to the Settling Defendants' motion on November 22, 2022 and, on December 22, 2022, the Settling Defendants filed a reply in support of their motion.  On January 5, 2023, Plaintiff submitted supplemental authority in advance of the hearing on the Settling Defendants' motion, then set for January 13, 2023.

K.    On January 11, 2023, the Court postponed the January 13, 2023 hearing on the Settling Defendants' motion to dismiss Plaintiff's First Amended Complaint and requested supplemental briefing.  On February 3, 2023, the Parties filed the requested supplemental briefing.

L.    On January 24, 2023, Plaintiff filed a motion for leave to supplement the First Amended Complaint ("Motion for Leave").  On February 7, 2023, the

4

Settling Defendants filed an opposition to Plaintiff's Motion for Leave and, on February 14, 2023, Plaintiff filed a reply in support of his Motion for Leave.  On March 2, 2023, following oral argument, the Court denied Plaintiff's Motion for Leave.

M.    On April 21, 2023, the Court heard oral argument on the Settling Defendants' motion to dismiss Plaintiff's First Amended Complaint.  On June 16, 2023, Plaintiff submitted further supplemental authority in support of his opposition. On July 17, 2023, the Court denied the Settling Defendants' motion to dismiss.

N.    On September 8, 2023, the Settling Defendants filed an answer to the First Amended Complaint.

O.    On September 22, 2023, the Parties filed a Stipulation and Proposed Order Governing Case Schedule setting trial for April 7-11, 2025, which the Court granted with modifications on October 2, 2023.

P.    On October 4, 2023, the Parties filed a Stipulation and Proposed Order Governing Expert Discovery, which the Court granted that same day.

Q.    On October 9, 2023, the Parties filed a Stipulation and Proposed Order for the Production and Exchange of Confidential Information, which the Court granted on that same day.

R.    From August 2023 through July 2024, the Parties engaged in document and other written discovery: (i) Plaintiff propounded requests for the production of

documents to the Settling Defendants, served interrogatories directed to the Settling Defendants, and served a subpoena *duces tecum* and *ad testificandum* on nine third parties; (ii) the Settling Defendants served responses and objections to Plaintiff's requests for the production of documents and interrogatories; (iii) the Settling Defendants, Hyzon, and various third parties produced over 810,000 pages of documents in response to Plaintiff's discovery requests and subpoenas; (iv) the Settling Defendants propounded requests for the production of documents to Plaintiff and served interrogatories directed to Plaintiff; (v) Plaintiff served responses and objections to the Settling Defendants' requests for the production of documents and interrogatories; and (vi) Plaintiff produced 3,947 pages of documents in response to the Settling Defendants' requests for the production of documents.

S.    On December 1, 2023, Plaintiff moved to compel certain documents from Hyzon.  Hyzon opposed Plaintiff's motion on January 25, 2024, and Plaintiff filed a reply in support of his motion on February 9, 2024.  On March 7, 2024, following a telephonic hearing, the Court granted in part and denied in part Plaintiff's motion.

T.    On April 3, 2024, the Settling Defendants took Plaintiff's deposition.

U.    On July 15, 2024, Plaintiff filed a motion for leave to file a verified second amended class action complaint against the Settling Defendants for alleged breach of fiduciary duty and unjust enrichment and against Legacy Hyzon and Craig

6

M. Knight (the "Legacy Hyzon Defendants") for allegedly aiding and abetting the Settling Defendants' alleged breaches of fiduciary duty (the "Second Amended Complaint"). On August 2, 2024, the Court granted Plaintiff's motion for leave. Plaintiff filed the Second Amended Complaint on August 5, 2024.

V. On July 31, 2024, following the exchange of mediation statements, the Parties participated in a full-day mediation (the "Mediation") before Robert Meyer (the "Mediator"), a mediator associated with JAMS with over twelve years of mediation experience focusing on complex business litigation. With the assistance and under the oversight of the Mediator, during the Mediation, the Parties reached an agreement in principle to settle the Released Plaintiff's Claims for $8.8 million ($8,800,000.00) in cash, subject to Court approval, the definitive terms of which are reflected in this Stipulation.

W. On May 14, 2025, Plaintiff and the Legacy Hyzon Defendants filed a Stipulation and [Proposed] Order of Voluntary Dismissal without Prejudice as to the Legacy Hyzon Defendants, which the Court granted that same day.

X. This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement among the Parties.

Y. This Stipulation is intended to fully, finally, and forever release, resolve, remise, compromise, settle, and discharge the Released Plaintiff's Claims and the Released Defendants' Claims with prejudice.

7

Z.    The entry by the Parties into this Stipulation is not, and shall not be construed as or deemed to be evidence of, an admission as to the merit or lack of merit of any claims or defenses that were asserted or could have been asserted in the Action.

AA.    Plaintiff continues to believe that the claims asserted in the Action have merit, but also believes that the Settlement set forth herein provides substantial and immediate benefits for the Class.  In addition to these substantial benefits, Plaintiff and Plaintiff's Counsel have considered: (i) the attendant risks of continued litigation against the Settling Defendants and the uncertainty of the outcome of that litigation; (ii) the probability of success on the merits; (iii) the inherent problems of proof associated with, and possible defenses to, the claims asserted in the Action; (iv) the desirability of permitting the Settlement to be consummated according to its terms; (v) the expense and length of continued proceedings necessary to prosecute the Action against the Settling Defendants through trial and appeals; and (vi) the conclusion of Plaintiff and Plaintiff's Counsel that the terms and conditions of the Settlement and this Stipulation are fair, reasonable, and adequate, and that it is in the best interests of the Class to settle the claims asserted in the Action against the Settling Defendants on the terms set forth herein.

BB.    Based on a thorough review and analysis of the relevant facts, allegations, defenses, and controlling legal principles, Plaintiff's Counsel believe

8

that the Settlement set forth in this Stipulation is fair, reasonable, and adequate, and confers substantial benefits upon the Class.  Based upon Plaintiff's Counsel's evaluation, as well as his own evaluation, Plaintiff has determined that the Settlement is in the best interests of the Class, and has agreed to the terms and conditions set forth in this Stipulation.

CC.   The Settling Defendants deny any and all allegations of wrongdoing, fault, liability, or damages with respect to Released Plaintiff's Claims, including, but not limited to, any allegations that the Settling Defendants have committed any violations of law or breach of any duty owed to Decarb stockholders, that the Merger was not entirely fair to, or in the best interests of, Decarb stockholders, that the Settling Defendants have acted improperly in any way, that the Settling Defendants have any liability or owe any damages of any kind to Plaintiff or the Class, and/or that the Settling Defendants were unjustly enriched in the Merger.  The Settling Defendants maintain that their conduct was at all times proper, in the best interests of Decarb and its stockholders, and in compliance with applicable law.  The Settling Defendants also deny that Decarb's stockholders were harmed by any conduct of the Settling Defendants that was alleged, or that could have been alleged, in the Action. Each of the Settling Defendants asserts that, at all relevant times, such Settling Defendant acted in good faith and in a manner believed to be in the best interests of Decarb and all of its stockholders.

DD.    Nevertheless, the Settling Defendants wish to eliminate the uncertainty, risk, burden, and expense of further litigation, and have determined to enter into the Settlement on the terms and conditions set forth in this Stipulation solely to put Released Plaintiff's Claims to rest, finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages.  For the avoidance of doubt, nothing in this Stipulation or the Settlement shall be construed as an admission by the Settling Defendants of any wrongdoing, fault, liability, or damages whatsoever.

EE.    Plaintiff, for himself and on behalf of the Class, and the Settling Defendants agree that the Settlement is intended to and will resolve all Released Plaintiff's Claims against Released Defendant Parties, but not the Non-Released Plaintiff's Claims against Legacy Hyzon or Knight, which have been dismissed without prejudice.

NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED, by Plaintiff, for himself and on behalf of the Class, and the Settling Defendants, subject to the approval of the Court and pursuant to Court of Chancery Rule 23, for the good and valuable consideration set forth herein, that the Released Plaintiff's Claims and Released Defendants' Claims shall be completely, fully, finally, and forever compromised, settled, released, discharged, extinguished, and dismissed with prejudice and without costs (except as provided herein) and are fully,

10

finally, and forever compromised, settled, released, discharged, extinguished, and dismissed with prejudice and without costs (except as provided herein) as to the Released Defendant Parties and the Released Plaintiff Parties, in the manner and upon the terms and conditions set forth herein.

## I.    Definitions

1.    In addition to the terms defined elsewhere in this Stipulation, the following capitalized terms, used in this Stipulation and its Exhibits, shall have the meanings specified below:

(a)    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

(b)    "Class" means a non-opt-out class for settlement purposes only consisting of all Persons who held shares of Decarb Class A common stock as of the Redemption Deadline, either of record or beneficially, and who did not redeem all of their shares, including their heirs, successors-in-interest, successors, transferees, and assigns, but excluding the Excluded Persons.

(c)    "Class Member" means a Person who is a member of the Class.

(d)    "Company" means Decarb prior to the closing of the Merger and Hyzon upon and following the closing of the Merger.

(e)    "Court" means the Court of Chancery of the State of Delaware.

(f)     "Effective Date" means the first business day following the date the Judgment becomes Final.

(g)     "Escrow Account" means the account that is maintained by the Escrow Agent and into which the Settlement Amount shall be deposited.

(h)     "Escrow Agent" means Robbins Geller Rudman & Dowd LLP.

(i)     "Excluded Persons" means Erik Anderson, Jennifer Aaker, Jane Kearns, Pierre Lapeyre, Jr., David Leuschen, Robert Tichio, Jim McDermott, Jeffrey Tepper, Michael Warren, Riverstone, DCRB Sponsor, WRG, Legacy Hyzon, and Knight, as well as the members of their immediate families, and any entity in which any of them has a controlling interest, and the heirs, successors, or assignees of any such excluded party.  Excluded Persons also include any trusts, estates, entities, or accounts that held shares of Decarb for the benefit of any of the foregoing.

(j)     "Fee and Expense Award" means an award to Plaintiff's Counsel of attorneys' fees and expenses to be paid from the Settlement Fund, approved by the Court and in full satisfaction of all claims for attorneys' fees and any other expenses or charges that have been, could be, or could have been asserted by Plaintiff's Counsel or any other counsel on behalf of a Class Member, or any Class Member in connection with the Released Plaintiff's Claims and the Settlement.

(k)     "Final," when referring to the Judgment, means the later of: (i) entry of the Judgment, which shall provide that the claims against Settling

12

Defendants be dismissed with prejudice and that there is no just reason for delay and expressly direct that it shall be final and subject to immediate appeal pursuant to Court of Chancery Rule 54(b), and the expiration of any time for appeal, reconsideration, reargument, rehearing, or other review of the Judgment; or (ii) if any appeal or application for reconsideration, reargument, rehearing, or other review is filed and not dismissed or withdrawn, issuance of a decision upholding the Judgment in all material respects, which is no longer subject to appeal, reconsideration, reargument, rehearing, or other review, by *certiorari* or otherwise, and the expiration of all times for the filing of any petition for reconsideration, reargument, rehearing, appeal, or review of the Judgment or any order affirming the Judgment; provided, however, that any disputes or appeals relating solely to the amount, payment, or allocation of the Fee and Expense Award, or to the allocation or distribution of the Net Settlement Fund, including the Plan of Allocation, shall have no effect on finality for purposes of determining the date on which the Judgment becomes Final and shall not otherwise prevent, limit, or otherwise affect the Judgment, or prevent, limit, delay, or hinder entry of Judgment.

(l)     "Judgment" means the Order and Final Judgment to be entered in the Action, in all material respects in the form attached as Exhibit D hereto.

13

(m)    "Net Settlement Fund" means the Settlement Fund less: (i) any Fee and Expense Award, and interest thereon; (ii) Notice and Administration Costs; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions.

(n)    "Non-Released Plaintiff's Claims" means any claims that Plaintiff has or may assert against the Legacy Hyzon Defendants, including those set forth in the fourth count of the Second Amended Complaint for aiding and abetting the breach of fiduciary duty alleged in the first and second counts of the Second Amended Complaint, or against Hyzon or present or former Hyzon directors or officers Mark Gordon, George Gu, Ivy Brown, Dennis Edwards, Viktor Meng, Ki Deok Park, and Elaine Wong.  Nothing in this Stipulation, the Judgment, or the Settlement shall prevent Plaintiff from presenting any evidence or making any arguments in support of proving that Legacy Hyzon, Knight, Gordon, Gu, Brown, Edwards, Meng, Deok Park, or Wong are liable for the Non-Released Plaintiff's Claims.

(o)    "Notice" means the Notice of Pendency and Proposed Settlement of Stockholder Class Action, Settlement Hearing, and Right to Appear (the "Notice"), substantially in the form attached hereto as Exhibit B.

(p)    "Notice and Administration Costs" means all costs, fees, and expenses associated with the administration or disbursement of the Settlement Fund, including, without limitation, calculating payments to eligible Class Members or

resolving any dispute relating thereto, or any other cost, fee, or expense otherwise incurred in providing notice of the Settlement to the Class, locating Class Members, distributing the Net Settlement Fund, paying escrow taxes, fees and costs, if any, and otherwise administering or carrying out the terms of the Settlement.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice Package, publishing the Summary Notice, reimbursements to brokers and nominees for forwarding the Notice to their eligible beneficial owners, the administrative expenses incurred and fees charged by the Settlement Administrator in connection with providing notice and administering the Settlement, and the fees, if any, of the Escrow Agent.

(q)     "Notice Package" means the Notice, including the Plan of Allocation, and the Proof of Claim and Release.

(r)     "Party" means any one of, and "Parties" means, collectively, the Settling Defendants and Plaintiff, on behalf of himself and the Class.

(s)     "Person" means any natural person, individual, corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, affiliate, joint stock company, investment fund, estate, legal representative, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity.

15

(t)    "Plaintiff's Counsel" means the law firms of Robbins Geller Rudman & Dowd LLP, Robbins LLP, and Andrews & Springer LLC.

(u)    "Plan of Allocation" means the manner in which the Net Settlement Fund will be distributed, substantially in the form set forth in the Notice or as otherwise modified by order of the Court.

(v)    "Proof of Claim and Release" means the form that is to be sent to Class Members with the Notice Package, substantially in the form of Exhibit B-1 attached hereto or as modified pursuant to agreement of the Parties or order of the Court.

(w)    "Redemption Deadline" means 4:00 p.m., Eastern Time, on July 13, 2021.

(x)    "Released Defendant Parties" means the Settling Defendants, and any and all of their respective current and former parent entities, affiliates, subsidiaries and any and all directors, officers, employees, employers, controlling persons, owners, members, principals, managers, partners, limited partners, general partners, stockholders, representatives, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, agents, heirs, executors, trustees, personal representatives, estates, administrators, insurers, and

16

reinsurers of any of the foregoing, and their respective predecessors, successors, or assigns.[3]

(y)    "Released Defendants' Claims" means, as against the Released Plaintiff Parties, to the fullest extent authorized by Delaware law, any and all claims, complaints, causes of action, or sanctions, including Unknown Claims, that have been or could have been asserted by the Settling Defendants in the Action, or in any court, tribunal, forum, or proceeding, which arise out of or relate in any way to the institution, prosecution, settlement, or dismissal of the Action; provided, however, that the Released Defendants' Claims shall not include: (i) any claims to enforce this Stipulation; or (ii) any claims to enforce the Judgment entered by the Court.

(z)    "Released Plaintiff Parties" means Plaintiff, all other Class Members, and Plaintiff's Counsel, and their legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns of any of the foregoing.

(aa)    "Released Plaintiff's Claims" means, as against the Released Defendant Parties, to the fullest extent authorized by Delaware law, any and all manner of claims, including Unknown Claims, suits, actions, causes of action, demands, liabilities, losses, rights, obligations, duties, damages, diminution in value,

---

[3]    For the avoidance of doubt, Legacy Hyzon, Knight, Gordon, Gu, Brown, Edwards, Meng, Deok Park, and Wong are not released as to the Non-Released Plaintiff's Claims.

disgorgement, debts, costs, expenses, interest, penalties, fines, sanctions, fees, attorneys' fees, expert or consulting fees, agreements, judgments, decrees, matters, allegations, issues, and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or unapparent, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, fixed or contingent, whether based on state, local, federal, foreign, statutory, regulatory, or common law or equity or otherwise, that (a) Plaintiff or any other member of the Class individually or on behalf of the Class: (i) alleged, asserted, set forth, or claimed against the Released Defendant Parties in the Action or in any other action in any other court, tribunal, proceeding, or other forum, or (ii) could have alleged, asserted, set forth, or claimed against the Released Defendant Parties in the Action or in any other action in any other court, tribunal, proceeding, or other forum; and (b) that are based upon, arise out of, or relate in any way to the impairment of the redemption rights of any Decarb Class A stockholder.  Notwithstanding the above, (i) any claim to enforce the Stipulation or Judgment shall not be released as to the Settling Defendants; and (ii) the Non-Released Plaintiff's Claims shall not be released as to the Legacy Hyzon Defendants.

(bb)    "Scheduling Order" means the scheduling order to be entered by the Court pursuant to Court of Chancery Rule 23, substantially in the form attached hereto as Exhibit A.

18

(cc)  "Settlement" means the settlement contemplated by this Stipulation.

(dd)  "Settlement Administrator" means the firm of A.B. Data, Ltd.

(ee)  "Settlement Amount" means a total of $8,800,000.00 in cash.

(ff)  "Settlement Fund" means the Settlement Amount plus any interest that may accrue on that sum after it is deposited in the Escrow Account.

(gg)  "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement should be approved as fair, reasonable, and adequate; whether the Action should be dismissed with prejudice as against the Settling Defendants and all of the Released Plaintiff's Claims against the Released Defendant Parties should be fully, finally, and forever released, settled, and discharged; whether a Judgment approving the Settlement should be entered in accordance with the terms of this Stipulation; and whether and in what amount any award of attorneys' fees and expenses should be paid to Plaintiff's Counsel.

(hh)  "Settling Defendants' Counsel" means Vinson & Elkins LLP and Young Conaway Stargatt & Taylor, LLP.

(ii)  "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Stockholder Class Action, Settlement Hearing, and Right to Appear, attached hereto as Exhibit C.

19

(jj)    "Taxes" means all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned in the Settlement Fund.

(kk)    "Tax Expenses" means the expenses and costs incurred in connection with the calculation and payment of Taxes or the preparation of tax returns and related documents, including expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in Section XI.

(ll)    "Unknown Claims" means any Released Plaintiff's Claims and Released Defendants' Claims that a releasing Person does not know or suspect to exist in his, her, or its favor at the time of the release, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Plaintiff's Claims and Released Defendants' Claims, upon the Effective Date, Plaintiff and the Settling Defendants hereby expressly waive, and each of the Class Members and Released Defendant Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States or other jurisdiction, or principle of common law or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

20

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiff and the Settling Defendants acknowledge, and the Released Plaintiff Parties and the Released Defendant Parties by operation of law are deemed to acknowledge, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Plaintiff's Claims and the Released Defendants' Claims, but that it is the intention of Plaintiff and the Settling Defendants, and by operation of law the Released Plaintiff Parties and the Released Defendant Parties, to completely, fully, finally, and forever extinguish any and all Released Plaintiff's Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. Plaintiff and the Settling Defendants also acknowledge, and the Released Plaintiff Parties and the Released Defendant Parties by operation of law are deemed to acknowledge, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims is separately bargained for and is a key element of the Settlement.

## II.    Settlement Fund

2.    In consideration for the full and final release, settlement, and discharge of the Released Plaintiff's Claims and Released Defendants' Claims, the Parties have agreed as follows:

(a)    The Settling Defendants shall cause the Settlement Amount to be deposited into the Escrow Account within twenty (20) business days after the later of: (i) approval and entry of the Scheduling Order by the Court; or (ii) Plaintiff's Counsel's delivery to the Settling Defendants' Counsel of all necessary wiring/payment information, a signed IRS Form W-9 reflecting a valid taxpayer identification number for the Escrow Account, and any other information reasonably requested to effectuate payment into the Escrow Account.

(b)    All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

(c)    The Settlement Fund shall be administered by the Settlement Administrator and the Escrow Agent and shall be used: (i) to pay all Notice and Administration Costs; (ii) to pay any Fee and Expense Award; (iii) to pay any Taxes and Tax Expenses; and (iv) following the payment of (i), (ii), and (iii) herein, for

22

subsequent disbursement of the Net Settlement Fund to the Authorized Claimants as provided in Section IV herein and the Plan of Allocation as approved by the Court.

(d)    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Plaintiff's Counsel may pay from the Settlement Fund, without further approval from the Settling Defendants and/or order of the Court, all reasonable costs and expenses actually incurred in connection with Notice and Administration Costs up to the sum of $500,000, which shall include the costs of disseminating the Notice Package.  Before the Effective Date, all such Notice and Administration Costs in excess of $500,000 may be paid from the Settlement Fund only with prior approval of the Court.  In the event that the Settlement does not become Final, Notice and Administration Costs paid out of the Settlement Fund or incurred shall not be returned or repaid to any Person or entity who or which funded the Settlement Fund.  After the Effective Date, Notice and Administration Costs may be paid as incurred, without approval of the Settling Defendants or further order of the Court.

(e)    For the avoidance of doubt: (i) neither Plaintiff, the Class Members, nor Plaintiff's Counsel shall seek any monetary relief as a condition of the Settlement other than payment of the Settlement Amount in accordance with ¶ 2(a) and (b); and (ii) the Released Defendant Parties shall have no liability or responsibility whatsoever in connection with the Settlement, the Settlement Fund,

23

the investment or distribution of the Settlement Fund, the Net Settlement Fund, the administration or calculation of any payment from the Net Settlement Fund, the Plan of Allocation, Notice and Administration Costs, Taxes, Tax Expenses, acts or omissions of the Settlement Administrator or the Escrow Agent, or the Action, except as specifically set forth herein.

### III.    Notice to Class Members

3.      Plaintiff has prepared the form of the notices to be disseminated to all Persons who fall within the Class definition and whose names and addresses can be identified with reasonable effort.  The proposed Notice Package, consisting of the Notice (including the Plan of Allocation) and the Proof of Claim and Release, is attached hereto as Exhibits B and B-1.

4.      The proposed Notice Package to be mailed to eligible Class Members in accordance with the Scheduling Order apprises eligible Class Members of (among other disclosures) the nature of the Action, the definition of the Class, the claims and issues in the Action, the claims that will be released in the Settlement, Class Members' right to object to the Settlement and the process for lodging an objection, the process for submitting a claim, and the plan and process for allocating and distributing the Net Settlement Fund.

5.      Plaintiff and DCRB Sponsor have used commercially reasonable efforts to identify Decarb Class A common stockholders of record on the

24

Redemption Deadline, including by DCRB Sponsor providing Plaintiff with lists of Decarb Class A common stockholders of record as of the Merger's record date and Plaintiff serving a subpoena on Decarb's transfer agent for the Merger, Continental Stock Transfer & Trust Company.

6.      In accordance with the Scheduling Order, the Settlement Administrator shall also contact entities which commonly hold securities in "street name" as nominees for the benefit of their customers who are beneficial purchasers of securities to identify beneficial holders of Decarb Class A common stock on or around the Redemption Deadline.

7.      The Parties further agree that the Notice Package, as approved by the Court, and other relevant documents will be posted on a Settlement website established and maintained by the Settlement Administrator in accordance with the Scheduling Order.

8.      Subject to the approval of the Court, Plaintiff shall retain the Settlement Administrator to provide all notices approved by the Court to eligible Class Members, to establish and maintain the Settlement website, to process the Proofs of Claim and Release, to oversee the administration of the Settlement, and to distribute the Net Settlement Fund.

9.      In accordance with the Scheduling Order, the Settlement Administrator shall mail, or cause to be mailed, by first class U.S. mail or other mail service if

25

mailed outside the U.S., postage prepaid, the Notice Package to each identified Class Member at their last known address. All record holders of stock who held such stock on behalf of beneficial owners and who receive the Notice Package shall be requested to forward the Notice Package promptly to such beneficial owners. Plaintiff's Counsel and the Settlement Administrator shall use reasonable efforts to provide notice to such beneficial owners by making additional copies of the Notice Package available to any record holder who, prior to the Settlement Hearing, requests the same for distribution to beneficial owners.

10.    In accordance with the Scheduling Order, Plaintiff's Counsel or the Settlement Administrator shall cause the Summary Notice to be published over the *PR Newswire*.

11.    Any and all Notice and Administration Costs shall be paid from the Settlement Fund, regardless of the form or manner of notice approved or directed by the Court and regardless of whether the Court declines to approve the Settlement or the Effective Date otherwise fails to occur. In no event shall Plaintiff, the Released Defendant Parties, or any of their attorneys have any liability or responsibility for the Notice and Administration Costs. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs actually paid or incurred up to the date of termination shall not be returned or repaid to the Settling Defendants or their insurers.

26

## IV.    Distribution of the Net Settlement Fund

12.    As soon as practicable after the Effective Date, the Settlement Administrator shall distribute the Net Settlement Fund to Authorized Claimants as set forth in this Section IV and in accordance with the Plan of Allocation substantially in the form set forth in the Notice or as otherwise approved by the Court.

13.    The Net Settlement Fund will be allocated and distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their recognized claims.  Specifically, a distribution amount will be calculated for each Authorized Claimant, which will be the Authorized Claimant's recognized claim divided by the total recognized claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund (the "Initial Distribution").  If the sum total of recognized claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive their *pro rata* share of the Net Settlement Fund.  If the Net Settlement Fund exceeds the sum total amount of the recognized claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.  The Settling Defendants shall not have a reversionary interest in the Net Settlement Fund.

14.    At the request of Plaintiff's Counsel, DCRB Sponsor will use reasonable efforts to provide information, to the extent known by DCRB Sponsor, to Plaintiff's Counsel and/or the Settlement Administrator to assist with the determination of whether a claimant is an Excluded Person.  The Settlement Administrator and, to the extent they obtain access to the stockholder or Excluded Persons information obtained through ¶¶ 5 and 14 of this Stipulation, Plaintiff's Counsel, shall use the stockholder or Excluded Persons information solely for the purpose of administering the Settlement as set forth in this Stipulation, and not for any other purpose, and shall not disclose the stockholder or Excluded Persons information to any other party except as necessary to administer the Settlement or as required by law.

15.    If there is any balance remaining in the Net Settlement Fund within a reasonable amount of time after distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, amounts returned by Excluded Persons who erroneously receive settlement payments, or otherwise), the Settlement Administrator shall, if feasible, distribute such balance among the Authorized Claimants who received and deposited the initial distribution, in the same manner as the initial distribution.  If the cost of making such a further distribution or distributions is unreasonably high relative to the amount remaining in the Net Settlement Fund, Plaintiff's Counsel may instruct the Settlement Administrator to

28

distribute any balance which still remains in the Net Settlement Fund, after provision for all anticipated taxes and other expenses, to the Delaware Combined Campaign for Justice.  Neither the Released Defendant Parties nor their indemnitors or insurers shall have any reversionary interest in the Net Settlement Fund.

16.    The Net Settlement Fund shall be distributed to eligible Class Members only after the Effective Date of the Settlement and after all Notice and Administration Costs, all Taxes and Tax Expenses, and any Fee and Expense Award have been paid from the Settlement Fund or reserved.

17.    Payment pursuant to the Plan of Allocation or other such plan of allocation as may be approved by the Court shall be final and conclusive against all Class Members.  Plaintiff, the Released Defendant Parties, and their respective counsel shall have no liability whatsoever for: (i) the determination, administration, or investment of the Settlement Fund or the Net Settlement Fund; (ii) the calculation or distribution of any payment from the Net Settlement Fund; (iii) the performance or nonperformance of the Settlement Administrator, Escrow Agent, or any nominee holding shares on behalf of a Class Member; (iv) the determination, administration, payment, or withholding of Taxes (including interest and penalties) owed by the Settlement Fund; or (v) any losses incurred in connection with any of the foregoing.

18.    The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, the Settling Defendants, the Released Defendant Parties, and

29

any other person or entity who or which paid any portion of the Settlement Amount shall have no right to the return of the Settlement Amount or any portion thereof for any reason whatsoever, including the inability to locate Class Members or the failure of Authorized Claimants to deposit settlement funds distributed by the Settlement Administrator.

19.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. No Party may cancel or terminate the Settlement (or this Stipulation) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  The Settling Defendants shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action and shall not have any involvement with the application of the Court-approved plan of allocation except as explicitly provided herein.

20.     All proceedings with respect to the administration of the Settlement and distribution pursuant to the proposed Plan of Allocation or other such plan of allocation as may be approved by the Court shall be subject to the exclusive jurisdiction of the Court.

21.     The Settling Defendants shall have no input, responsibility, or liability for any claims, payments, or determinations by the Settlement Administrator

concerning the distribution of the Settlement Fund, except to provide information as required in ¶¶ 5 and 14.

## V.    The Escrow Agent

22.    The Escrow Agent shall invest the Settlement Fund, deposited pursuant to ¶ 2 above, in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or in money funds holding only instruments backed by the full faith and credit of the United States Government, and shall reinvest the proceeds of these instruments at their then-current market rates.  The Settlement Fund shall bear all risks related to investment of the Settlement Amount.

23.    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Plaintiff's Counsel and the Settling Defendants' Counsel.

24.    Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class as are consistent with the terms of this Stipulation.

## VI.    Scope of the Settlement and Releases

25.    Upon entry of the Judgment, the Settling Defendants shall be dismissed from the Action with prejudice, and the Judgment shall provide that there is no just reason for delay and expressly direct that it shall be final and subject to immediate

31

appeal pursuant to Court of Chancery Rule 54(b).  The foregoing dismissal is without fees, costs, or expenses, except as expressly provided in this Stipulation.  Nothing in this Stipulation, the Judgment, or the Settlement shall affect the Settling Defendants' entitlement to advancement or indemnification incurred in connection with the Action, the Settlement, and/or any claim that any Settling Defendant may have against any of his, her, its, or the Company's insurers, co-insurers, or reinsurers.

26.    Upon the Effective Date, Plaintiff and each and every Class Member, on behalf of themselves and any and all of their respective predecessors, successors, assigns, agents, representatives, trustees, executors, administrators, estates, heirs, and transferees, whether immediate or remote, shall and shall be deemed to have fully, finally, and forever released, relinquished, settled, and discharged Released Defendant Parties from and with respect to each and every one of Released Plaintiff's Claims on the terms and conditions set forth herein, and shall thereupon be forever barred and enjoined from commencing, instituting, instigating, facilitating, asserting, continuing, maintaining, participating in, or prosecuting any and all Released Plaintiff's Claims against any of Released Defendant Parties. Notwithstanding the foregoing, nothing in this Stipulation, the Judgment, or the Settlement shall preclude Plaintiff from presenting any evidence or making any arguments in support of proving that any Person other than the Released Defendant Parties is liable for the Non-Released Plaintiff's Claims.

32

27.     Upon the Effective Date, the Settling Defendants, on behalf of themselves and any other Person or entity who could assert any of Released Defendants' Claims on their behalf, and to the fullest extent permitted by law, including in light of the releases set forth in ¶ 26, the other Released Defendant Parties (other than the Legacy Hyzon Defendants), shall or shall be deemed to have fully, finally, and forever released, settled, and discharged the Released Plaintiff Parties from and with respect to every one of the Released Defendants' Claims on the terms and conditions set forth herein, and shall thereupon be forever barred and enjoined from commencing, instituting, instigating, facilitating, asserting, continuing, maintaining, participating in, or prosecuting any of Released Defendants' Claims against any of the Released Plaintiff Parties.

28.     The foregoing releases are executed in accordance with the provisions of 10 *Del. C.* § 6301, *et seq.*, of the Uniform Contribution Among Tortfeasors Act. Accordingly, Plaintiff agrees, and all other Class Members shall be deemed by operation of law to agree, pursuant to 10 *Del. C.* § 6304, that any damages recoverable against any other alleged tortfeasor, including the Legacy Hyzon Defendants, will be reduced by the greater of: (a) the Settlement Amount; and (b) the *pro rata* share of the responsibility or liability for such damages, if any, of the Released Defendant Parties, should it be determined that any of the Released Defendant Parties are joint tortfeasors. This language is intended to comply with 10

33

*Del. C.* § 6304 so as to preclude any liability of the Released Defendant Parties to any joint tortfeasors for contribution or any other claim in which the alleged injury arises out of or relates to the claims asserted in, or arises out of or relates to the subject matter of, the Action, including any Released Plaintiff's Claims or any Non-Released Plaintiff's Claims. Notwithstanding the foregoing, nothing in this Stipulation shall preclude Plaintiff from asserting any of the Non-Released Plaintiff's Claims against the Legacy Hyzon Defendants.

29.    As a condition of the Settlement, the Settling Parties shall obtain as part of the Judgment a bar order ("Bar Order") in a form substantially similar to the following:

> Upon the Effective Date, any claims (i) against the Released Defendant Parties, or (ii) by the Released Defendant Parties against any other Person, in which the injury claimed is the claimant's actual or threatened liability to Plaintiff or any other Class Member, arising out of or relating to the subject matter of the Action, including, without limitation, any third party claims for contribution in accordance with 10 *Del. C.* § 6304 and any similar laws and statutes, are hereby barred; provided, however, that any claims by a Settling Defendant for advancement or indemnification of legal fees and other litigation costs and expenses arising out of the Action shall not be barred.

## VII.  Class Certification

30.    The Parties agree that certification of the Class, for settlement purposes only, is appropriate in the Action. For purposes of this Settlement only, the Class comprises all Class Members, as defined in ¶ 1(b) above. The Parties therefore

34

stipulate for settlement purposes only to: (a) certification of the Action as a non-opt-out class action pursuant to Court of Chancery Rules 23(a), 23(b)(1), and 23(b)(2) on behalf of the Class; (b) appointment of Plaintiff as Class representative for the Class; and (c) appointment of Plaintiff's Counsel as counsel for the Class.

31.    The certification of the Class shall be binding only with respect to the Settlement and this Stipulation.  In the event that the Settlement or this Stipulation is terminated pursuant to its terms or the Effective Date fails to occur, the certification of the Class shall be deemed vacated and the Action shall proceed as though the Class had never been certified.

## VIII.  Submission of the Settlement to the Court for Approval

32.    As soon as practicable after this Stipulation has been executed, the Parties shall jointly apply to the Court for entry of the Scheduling Order, substantially in the form attached hereto as Exhibit A, providing for, among other things: (i) the dissemination of the Notice Package, which includes the Notice, including the Plan of Allocation, and the Proof of Claim and Release, substantially in the forms attached hereto as Exhibits B and B-1; (ii) publication of the Summary Notice; and (iii) the scheduling of the Settlement Hearing to consider: (a) the proposed Settlement; (b) the joint request of the Parties that the Judgment be entered in all material respects in the form attached hereto as Exhibit D; (c) Plaintiff's Counsel's Fee Application (defined below); and (d) any objections to any of the

35

foregoing.  The Parties agree to take all reasonable and appropriate steps to seek and obtain entry of the Scheduling Order.

33.    If the Settlement Administrator does not receive the Decarb stockholder information responsive to ¶ 5 within seven (7) calendar days after execution of this Stipulation, then Plaintiff's Counsel may seek a postponement or adjournment of the Settlement Hearing for a period reasonably sufficient for the Settlement Administrator to obtain the missing information; provided, however, that if the Settlement Hearing has been postponed or adjourned and the Settlement Administrator does not receive all of Decarb stockholder information responsive to ¶ 5 within six months of the date of this Stipulation, the Parties shall confer in good faith, including with respect to an alternative plan of allocation of the Settlement Fund to be presented to the Court, and seek to schedule as promptly as practicable the Settlement Hearing and obtain Court approval of the Stipulation and the Settlement.

34.    The Parties and their attorneys agree to use their individual and collective best efforts to obtain Court approval of the Stipulation.  The Parties and their attorneys further agree to use their individual and collective best efforts to effect, take, or cause to be taken all actions, and to do, or cause to be done, all things reasonably necessary, proper, or advisable under applicable laws, regulations, and agreements to consummate and make effective, as promptly as practicable, the

36

Stipulation provided for hereunder and the entry of the Judgment.  The Parties and their attorneys agree to cooperate fully with one another in seeking the Court's approval of this Stipulation, to jointly request at the Settlement Hearing that the Judgment be entered, and to take all reasonable and appropriate steps to obtain a Final Judgment in all material respects in the form attached hereto as Exhibit D.

35.    The Parties hereby agree that no Party will prosecute any pending action, and that no Party will file any further actions, against the Released Plaintiff Parties and the Released Defendant Parties asserting any Released Defendants' Claims or Released Plaintiff's Claims, pending the occurrence of the Effective Date (but, for the avoidance of doubt, nothing in this Paragraph shall prevent Plaintiff from proceeding with claims against the Legacy Hyzon Defendants, Gordon, Gu, Brown, Edwards, Meng, Deok Park, or Wong).  The Settling Defendants' respective deadlines to respond to any filed or served pleadings, motions, or discovery requests are extended indefinitely.  Notwithstanding the above, the Settling Defendants agree to participate in discovery and other proceedings in relation to Plaintiff's continued litigation regarding the Non-Released Plaintiff's Claims in the same manner and to the same extent as would be expected of a typical third party.

36.    If, before the Settlement becomes Final, any action is filed in any court, arbitration tribunal, or administrative forum, or other forum of any kind, asserting a Released Plaintiff's Claim, Plaintiff agrees to cooperate in good faith with any and

37

all reasonable actions by the Settling Defendants seeking a stay or dismissal of such action or proceeding and preventing and opposing entry of any interim or final relief against the Settling Defendants in any such action or proceeding.

## IX.   Conditions of Settlement

37.   The Settlement shall be subject to the following conditions, which the Parties shall use their best efforts to effectuate:

(a)   the entry of the Scheduling Order in all material respects in the form attached hereto as Exhibit A;

(b)   the Court's certification of the Class as a non-opt-out class;

(c)   the entry of the Judgment in all material respects in the form attached hereto as Exhibit D, including Releases substantially in the form set out herein and the Bar Order in accordance with ¶¶ 27-29, dismissing the Action with prejudice as to the Settling Defendants without the award of any damages, costs, or fees, except as provided for in this Stipulation, and the Court's determination that there is no just reason for delay and the Court's express direction for the entry of judgment as final and immediately appealable pursuant to Court of Chancery Rule 54(b);

(d)   the deposit of the Settlement Amount in the Escrow Account in accordance with ¶ 2; and

(e)   the occurrence of the Effective Date.

38

## X.    Attorneys' Fees and Expenses

38.    Plaintiff's Counsel will apply for a Fee and Expense Award to include an award of attorneys' fees in an amount not to exceed 25% of the Settlement Amount plus an award of expenses incurred in connection with the Action (the "Fee Application"), which application will be wholly inclusive of any request for attorneys' fees and expenses on behalf of any Class Member or his, her, or its counsel in connection with the Settlement.

39.    Any award of attorneys' fees and expenses by the Court pursuant to the Fee Application (*i.e.*, the Fee and Expense Award) shall be paid out of, and not be in addition to, the Settlement Fund.

40.    Plaintiff's Counsel may apply to the Court for a service award to Plaintiff not to exceed $15,000, payable out of any Fee and Expense Award. Plaintiff's Counsel warrant that no portion of any Fee and Expense Award shall be paid to Plaintiff or any Class Member, except as approved by the Court.

41.    The Fee and Expense Award shall be payable to Plaintiff's Counsel from the Settlement Fund immediately upon entry of an order by the Court granting the Fee and Expense Award. In the event that (i) the Effective Date does not occur, (ii) this Stipulation is disapproved, canceled, or terminated pursuant to its terms, (iii) the Settlement otherwise does not become Final for any reason, or (iv) the Fee and Expense Award is disapproved, reduced, reversed, or otherwise modified, as a result

39

of any further proceedings, including any successful collateral attack, then Plaintiff's Counsel shall, within ten (10) business days after Plaintiff's Counsel receive notice of any such failure of the Effective Date to occur, termination of this Stipulation, failure of the Settlement to become Final, or disapproval, reduction, reversal, or other modification of the Fee and Expense Award, return to the Escrow Account, as applicable, either the entirety of the Fee and Expense Award or the difference between the attorneys' fees and expenses awarded by the Court in the Fee and Expense Award, and any attorneys' fees and expenses ultimately and finally awarded on appeal, further proceedings on remand, or otherwise. For the avoidance of doubt, no Court order or reversal on appeal of any order concerning the Plan of Allocation or the Fee and Expense Award shall operate to terminate or cancel this Stipulation and/or the Settlement, or constitute grounds for termination or cancellation of this Stipulation and/or the Settlement.

42.    The disposition of the Fee Application is not a material term of this Stipulation, and it is not a condition of this Stipulation that such application be granted or that any Fee and Expense Award be made. The Fee Application may be considered separately from the proposed Stipulation.

43.    Released Defendant Parties shall have no input into, or responsibility or liability for, the allocation among Plaintiff's Counsel of the Fee and Expense Award.

## XI.    The Escrow Account and Taxes

44.    The Parties agree as follows:

(a)    The Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1, and the regulations promulgated thereunder.  The Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. § 1.468B-1(c)(1).  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 44, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. § 1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement

41

Fund (including the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the elections described in ¶ 44(a) hereof) shall be consistent with this ¶ 44 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 44(c) hereof.

(c)    Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).  Released Defendant Parties and their counsel shall have no responsibility or liability for any Taxes, Tax Expenses, administration of Taxes and Tax Expenses, or any acts or omissions of the Escrow Agent (or its agents).  The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 44.

42

## XII.    Termination of Settlement; Effect of Termination

45.    Plaintiff and the Settling Defendants shall each have the right (but not the obligation) to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other Parties within ten (10) business days of: (i) the Court's declining to enter the Scheduling Order in any material respect; (ii) the Court's declining to enter the Judgment approving the Settlement, in any material respect; (iii) modification or reversal of the Judgment approving the Settlement, in any material respect on or following reargument, reconsideration, rehearing, appellate review, remand, collateral attack, or other proceedings; or (iv) failure to satisfy any of the other conditions of Section IX.

46.    Neither a modification nor a reversal on appeal of the Fee and Expense Award or the Plan of Allocation shall be deemed a material modification of the Judgment or this Stipulation, shall operate to terminate or cancel this Stipulation and/or the Settlement, or shall constitute grounds for termination or cancellation of this Stipulation and/or the Settlement.  If the Effective Date does not occur, this Stipulation is disapproved, canceled, or terminated pursuant to its terms, or the Settlement otherwise does not become Final for any reason, then: (i) the Settlement and this Stipulation (other than this Section, ¶ 41, and Section XIV) shall be canceled and terminated; (ii) any judgment entered in the Action and any related orders entered by the Court shall in all events be treated as vacated, *nunc pro tunc*; (iii) the

43

Releases provided under the Settlement shall be null and void; (iv) the fact of, and negotiations and other discussions leading to, the Settlement shall not be admissible in any proceeding before any court or tribunal; (v) all proceedings respecting the Released Plaintiff's Claims shall revert to their status before the Settlement; (vi) the Parties shall proceed in all respects as if the Settlement and this Stipulation (other than this Section) had not been entered into by the Parties; and (vii) the Settlement Amount (including any accrued interest thereon in the Escrow Account), less any Notice and Administration Costs and Taxes and Tax Expenses actually incurred and paid or payable, and including any Fee and Expense Award or portion thereof required to be returned to the Escrow Account by Plaintiff's Counsel pursuant to ¶ 41 above, shall be refunded by the Escrow Agent, within thirty (30) calendar days after such cancellation or termination, directly to the Parties who made payments pursuant to ¶ 2(a) in amounts set forth by Settling Defendants' Counsel to the Escrow Agent.

## XIII. No Admission of Wrongdoing

47.     It is expressly understood and agreed that the Settling Defendants deny any and all allegations of wrongdoing, fault, breach of duty, liability, or damage in connection with the Action and the Settlement. Nothing in this Stipulation (whether or not consummated) shall be deemed or argued to be evidence of, or to constitute an admission or concession by the Settling Defendants, as to: (i) the truth of any fact

44

alleged by Plaintiff; (ii) the validity of any claims or other issues raised, or which might be or might have been raised, in the Action or in any other proceeding; (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any other proceeding; or (iv) any wrongdoing, fault, negligence, or liability of any kind by any of them, which each of them expressly denies.

48.     The Parties further mutually covenant that neither this Stipulation, nor the fact or any terms of the Settlement, or any communications relating thereto, is evidence of, or an admission or concession by Plaintiff, any Class Member, any Released Plaintiff Parties, the Settling Defendants, or any of the Released Defendant Parties of, any fault, liability, or wrongdoing whatsoever, or as to the validity or merit of any claim or defense alleged or asserted in any proceeding, including the Action.  Accordingly, neither the Settlement, the Stipulation, any terms of this Stipulation, any negotiations or proceedings in connection therewith, nor any documents or statements referred to herein or therein, (a) shall (i) be argued to be, used, or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, act, or omission on the part of any of the Released Defendant Parties or Released Plaintiff Parties, or of any infirmity of any defense, or of any damage to Plaintiff or any other Class Member, or any lack of merit of any claim, or lack of damages to Plaintiff or any

45

other Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Defendant Parties or Released Plaintiff Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Defendant Parties or Released Plaintiff Parties or any injury, or damages to any person or entity, or (b) shall otherwise be admissible, referred to, or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Judgment may be introduced in any proceeding subject to Delaware Rule of Evidence 408 and any and all other state and federal law corollaries thereto, whether in the Court or otherwise, as may be necessary to argue and establish that the Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and Judgment or to secure any insurance rights or proceeds of any of the Released Defendant Parties or Released Plaintiff Parties or as otherwise required by law.

## XIV. Miscellaneous Provisions

49.     The Parties represent and agree that the terms of the Settlement were negotiated at arm's length and in good faith, with the assistance of Robert Meyer of JAMS as mediator, and reflect a settlement that was reached voluntarily based upon adequate information, sufficient discovery, and after consultation with experienced legal counsel. Accordingly, while retaining their right to assert or deny that the claims or defenses asserted in the Action were meritorious, the Parties agree not to

46

assert in any forum that this Action was brought by Plaintiff or defended by the Settling Defendants in bad faith or without a reasonable basis.

50.    All of the Exhibits attached hereto (the "Exhibits") are material and integral parts of the Stipulation and shall be incorporated by reference as though fully set forth herein.

51.    This Stipulation and the Exhibits constitute the entire agreement between Plaintiff, on the one hand, and the Settling Defendants, on the other hand, and supersede any prior agreements among Plaintiff, on the one hand, and the Settling Defendants, on the other hand, with respect to the Settlement.  No representations, warranties, or inducements have been made to or relied upon by any party concerning this Stipulation or its Exhibits, other than the representations, warranties, and covenants expressly set forth in such documents.

52.    This Stipulation is and shall be binding upon and shall inure to the benefit of the Released Defendant Parties, the Released Plaintiff Parties (including the Class Members), and the respective legal representatives, heirs, executors, administrators, transferees, successors, and assigns of all such foregoing persons and entities and upon any corporation, partnership, or other entity into or with which any of the foregoing may merge, consolidate, or reorganize.

53.     This Stipulation may not be amended or modified, nor may any of its provisions be waived, except by written instrument signed by Plaintiff's Counsel and the Settling Defendants' Counsel, or their successors-in-interest.

54.     The waiver by Plaintiff or the Settling Defendants of any breach of this Stipulation shall not be deemed a waiver of any other prior or subsequent breach of any provision of this Stipulation.

55.     Plaintiff represents and warrants that Plaintiff is a member of the Class and that none of Plaintiff's claims or causes of action referred to in this Stipulation has been assigned, encumbered, or otherwise transferred in whole or in part.

56.     The Settling Defendants warrant that, as to the payments made or to be made by or on behalf of the Settling Defendants pursuant to the Settlement and this Stipulation, at the time of entering into this Stipulation and at the time of such payment, to the best of their knowledge, neither the Settling Defendants nor any entities contributing to the payment of the Settlement Amount are insolvent, nor will the payment required to be made on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including § 101 and § 547 thereof.

57.     Each Party represents and warrants that the Party has made such investigation of the facts pertaining to the Settlement provided for in this Stipulation,

and all of the matters pertaining thereto, and has been advised by counsel, as the Party deems necessary and advisable.

58.    Each counsel signing this Stipulation warrants that such counsel has been duly empowered and authorized to sign this Stipulation on behalf of his or her client(s).

59.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

60.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any portion of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

61.    Without further Order of the Court, Plaintiff and the Settling Defendants may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

62.    To the extent permitted by law, all agreements made and orders entered during the course of the Action related to the confidentiality of documents or information shall survive this Stipulation.

63.    This Stipulation may be executed in counterparts by electronic signature, email, PDF, fax, or original signature by any of the signatories hereto and as so executed shall constitute one agreement.

64.    This Stipulation, the Settlement, and any and all disputes arising out of or relating in any way to this Stipulation or Settlement, whether in contract, tort, or otherwise, shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to conflict of law principles.

65.    The consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for an award of attorneys' fees and expenses to Plaintiff's Counsel and enforcing the terms of this Stipulation.

66.    Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

67.    Plaintiff and the Settling Defendants agree that, in the event of any breach of this Stipulation, all of Plaintiff's and the Settling Defendants' rights and remedies at law, equity, or otherwise are expressly reserved.

IN WITNESS WHEREOF, the Parties, through their undersigned counsel, have executed this Stipulation as of June 10, 2025.

ROBBINS GELLER RUDMAN
  & DOWD LLP


Christopher H. Lyons (#5493)
Tayler D. Bolton (#6640)
1521 Concord Pike, Suite 301
Wilmington, DE 19803
(302) 467-2660

**OF COUNSEL:**

ROBBINS GELLER RUDMAN
  & DOWD LLP
Samuel H. Rudman
Mary K. Blasy
58 South Service Road, Suite 200
Melville, NY  11747
(631) 367-7100

ANDREWS & SPRINGER LLC
Peter B. Andrews (#4623)
Craig J. Springer (#5529)
David M. Sborz (#6203)
Andrew J. Peach (#5789)
Jackson E. Warren (#6957)
4001 Kennett Pike, Suite 250
Wilmington, DE  19807
(302) 504-4957

*Attorneys for Plaintiff*

ROBBINS GELLER RUDMAN
  & DOWD LLP
Travis E. Downs III
Benny C. Goodman III
Erik W. Luedeke
Brian E. Cochran
655 West Broadway, Suite 1900
San Diego, CA  92101
(619) 231-1058

ROBBINS LLP
Brian J. Robbins
Gregory E. Del Gaizo
5060 Shoreham Place, Suite 300
San Diego, CA  92122
(619) 525-3990

51

YOUNG CONAWAY STARGATT
& TAYLOR, LLP


_____

Rolin P. Bissell (#4478)
James M. Yoch, Jr. (#5251)
Kevin P. Rickert (#6513)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
rbissell@ycst.com
jyoch@ycst.com
krickert@ycst.com

**OF COUNSEL:**

*Attorneys for the Settling Defendants*

Michael C. Holmes
Jeffrey Crough
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX  75201
(214) 220-7700

52