# EXHIBIT B

EFiled: Jun 16 2025 11:34AM EDT
Transaction ID 76446935
Case No. 2022-0260-PAF

EXHIBIT

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| JOHN E. MALORK, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ERIK ANDERSON, JENNIFER AAKER, JANE KEARNS, PIERRE LAPEYRE, JR., DAVID LEUSCHEN, ROBERT TICHIO, JIM McDERMOTT, JEFFREY TEPPER, MICHAEL WARREN, RIVERSTONE INVESTMENT GROUP LLC, WRG DCRB INVESTORS, LLC and DECARBONIZATION PLUS ACQUISITION SPONSOR, LLC, CRAIG M. KNIGHT, and HYZON MOTORS INC.,<br><br>    Defendants. | C.A. No. 2022-0260-PAF |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF STOCKHOLDER CLASS ACTION, SETTLEMENT HEARING, AND RIGHT TO APPEAR

*The Court of Chancery of the State of Delaware authorized this Notice.*

<u>*This is not a solicitation from a lawyer.*</u>

TO: ALL PERSONS WHO HELD SHARES OF DECARBONIZATION PLUS ACQUISITION CORPORATION ("DECARB") CLASS A COMMON STOCK AS OF THE REDEMPTION DEADLINE (DEFINED BELOW) ON JULY 13, 2021 AND WHO DID NOT REDEEM ALL OF THEIR SHARES, INCLUDING THEIR HEIRS, SUCCESSORS-IN-INTEREST, SUCCESSORS, TRANSFEREES, AND ASSIGNS

**NOTICE OF PENDENCY OF CLASS ACTION:[1]**  Please be advised that your rights as a former Decarb Class A stockholder will be affected by the above-captioned stockholder class action (the "Action") pending in the Court of Chancery of the State of Delaware (the "Court") with respect to any shares of Decarb Class A common stock you held that were not redeemed.

**NOTICE OF SETTLEMENT:**  Please also be advised that: (i) plaintiff John E. Malork ("Plaintiff"), individually and on behalf of the Class (as defined below); and (ii) defendants Erik Anderson, Jennifer Aaker, Jane Kearns, Pierre Lapeyre, Jr., David Leuschen, Robert Tichio, Jim McDermott, Jeffrey Tepper, Michael Warren, Riverstone Investment Group LLC ("Riverstone"), Decarbonization Plus Acquisition Sponsor, LLC ("DCRB Sponsor"), and WRG DCRB Investors, LLC ("WRG") (collectively, the "Settling Defendants") have reached a proposed settlement of the Action (the "Settlement") for $8,800,000 (United States Dollars) in cash (the "Settlement Amount").  The proposed Settlement, if approved by the Court, will resolve all claims in the Action against the Settling Defendants.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  This Notice explains how members of the Class (as defined herein) ("Class Members," and each a "Class Member") will be affected by the Settlement.  The following table provides a brief summary of the rights you have as a Class Member and the relevant deadlines, which are described in more detail later in this Notice.**

---

[1]  Any capitalized terms not otherwise defined in this Notice shall have the meanings given to them in the Stipulation and Agreement of Compromise and Settlement entered into by the Parties on June 10, 2025 (the "Stipulation").  A copy of the Stipulation is available at www.DCRBSpacSettlement.com.  Questions?  Call 1-877-580-7816, email info@DCRBSpacSettlement.com, or visit www.DCRBSpacSettlement.com.

| CLASS MEMBERS' LEGAL RIGHTS IN THE SETTLEMENT: | |
| --- | --- |
| **TO RECEIVE A PAYMENT FROM THE SETTLEMENT, CLASS MEMBERS <u>MUST</u> SUBMIT A PROOF OF CLAIM AND RELEASE NO LATER THAN _____, 2025.** | If you are a member of the Class, you **may** be eligible to receive a distribution from the Settlement proceeds. Eligible Class Members **must** submit a Proof of Claim and Release in order to receive a distribution from the Settlement, if approved by the Court. If you are eligible for a distribution from the Settlement, it will be paid to you directly. *See* § 6 below for further discussion. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS <u>*RECEIVED*</u> NO LATER THAN _____, 2025.** | If you are a member of the Class and would like to object to the proposed Settlement, the proposed Plan of Allocation, and/or Plaintiff's Counsel's Fee Application, including Plaintiff's application for a service award, you may write to the Court and explain the reasons for your objection. |
| **ATTEND A HEARING ON _____, 2025, AT \_\_\_\_ \_\_.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS <u>*RECEIVED*</u> NO LATER THAN _____, 2025.** | Filing a written objection and notice of intention to appear that is received by _____, 2025 allows you to speak in Court, at the discretion of the Court, about your objection. In the Court's discretion, the _____, 2025 hearing may be conducted by telephone or videoconference (*see* § 9 below). If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |

| WHAT THIS NOTICE CONTAINS |
|---|

What Is The Purpose Of This Notice? …………………………………… Page 4

What Is This Case About? …………………………………………….. Page 5

How Do I Know If I Am Affected By The Settlement? ………………. Page 10

What Are The Terms Of The Settlement? …………………………….. Page 10

What Are The Parties' Reasons For The Settlement? …………………. Page 10

Will I Receive A Payment From The Settlement?
How Much Will My Payment From The Settlement, If Any, Be?
How Would I Receive My Payment? …………………………………… Page 12

What Will Happen If The Settlement Is Approved?
What Claims Will The Settlement Release? …………………………... Page 17

How Will Plaintiff's Counsel Be Paid? …………………………….. Page 20

When And Where Will The Settlement Hearing Be Held?
Do I Have To Attend The Hearing?
May I Speak At The Hearing If I Don't Like The Settlement? .............. Page 21

Can I See The Court File?
Who Should I Contact If I Have Questions? ………………………….. Page 24

What If I Held Shares On Someone Else's Behalf? …………………... Page 25

| 1.    WHAT IS THE PURPOSE OF THIS NOTICE? |
|---|

The purpose of this Notice is to notify Class Members of the existence of the Action and the terms of the proposed Settlement of the Action as against the Settling Defendants (the "Settlement"). The Notice is also being sent to inform Class Members of a hearing that the Court has scheduled to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation for

the Settlement proceeds, and Plaintiff's Counsel's Fee Application, including Plaintiff's application for a service award (the "Settlement Hearing"). *See* § 9 below for details about the Settlement Hearing, including the date and time of the hearing.

The Court directed that this Notice be mailed to you because you may be a Class Member. The Court has directed us to send you this Notice because, as a Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how the Action and the proposed Settlement generally affect your legal rights. **Please Note:** The Court may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

The issuance of this Notice is not an expression by the Court of any findings of fact or any opinion concerning the merits of any claim in the Action, and the Court has not yet decided whether to approve the Settlement. If the Court approves the Settlement, then payments to eligible Class Members will be made after any appeals are resolved.

**Please Note:** Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.

---

**2.    WHAT IS THIS CASE ABOUT?**

---

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT. THE COURT HAS MADE NO FINDINGS WITH RESPECT TO THE FOLLOWING MATTERS AND THESE RECITATIONS SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES.**

### Summary of Claims, Issues, Defenses, and Relief Sought in the Action

This Action arises out of the Defendants' alleged impairment of Decarb Class A stockholders' right to make an informed redemption decision in connection with the business combination (the "Merger") between Decarb and Hyzon Motors Inc. ("Legacy Hyzon"). Plaintiff alleges that, as directors, officers, and/or controlling stockholders of Decarb, Settling Defendants were duty bound to provide Decarb stockholders with all material information related to their redemption decision in an honest and forthright manner, and that Defendants caused Decarb to make materially false and misleading public statements about the strength of the proposed business combination and that the alleged breaches of fiduciary duty and unjust enrichment

- 5 -

harmed the Class by, among other things, dissuading its members from redeeming their stock. In this Action, Plaintiff sought an award of damages to himself and the Class or an equitable reopening of the redemption window to allow Plaintiff and Class Members to redeem their shares at the redemption price.

The Settling Defendants deny any and all allegations of wrongdoing, fault, liability, or damages, including, but not limited to, any allegations that the Settling Defendants have violated the law or breached any duty owed to Decarb stockholders, that the Merger was not entirely fair to, or in the best interests of, Decarb stockholders, that the Settling Defendants have acted improperly in any way, that the Settling Defendants have any liability or owe any damages of any kind to Plaintiff and/or the Class, and/or that the Settling Defendants were unjustly enriched in connection with the Merger. The Settling Defendants maintain that their conduct was at all times proper, in the best interests of Decarb and its stockholders, and in compliance with applicable law. The Settling Defendants also deny that Decarb stockholders were harmed by any conduct of the Settling Defendants that was alleged, or that could have been alleged, in the Action. Each of the Settling Defendants asserts that, at all relevant times, such Settling Defendant acted in good faith and in a manner believed to be in the best interests of Decarb and all of its stockholders.

## Factual Background

On September 7, 2017, Silver Run Acquisition Corporation III ("Silver Run") was incorporated in Delaware as a blank check company for the purpose of effecting a merger, share exchange, asset acquisition, share purchase, reorganization, or similar business combination with one or more businesses. On August 18, 2020, Silver Run's name was changed to Decarbonization Plus Acquisition Corporation ("Decarb").

On October 22, 2020, Decarb completed its initial public offering ("IPO") of 22,572,502 units (each a "Public Unit") at a price of $10.00 per unit.[2] Each Public Unit consisted of one share of Class A common stock (each a "Public Share") and one-half of one warrant to purchase one share of Decarb Class A common stock. Decarb public stockholders would be provided with the opportunity to redeem all or a portion of their Public Shares for cash—at a per-share price equal to the aggregate amount on deposit in a trust account (the "Trust") divided by the number of outstanding Public Shares—upon the completion of an initial business combination.

---

[2]  Including the underwriters' partial exercise of overallotment.

Following the IPO, Decarb deposited a total of approximately $225,731,000 into the Trust.

On February 8, 2021, Decarb and Legacy Hyzon entered into a Business Combination Agreement and Plan of Reorganization, pursuant to which Legacy Hyzon would merge with and into a subsidiary of Decarb in the Merger, and Decarb would be renamed Hyzon Motors, Inc. ("Hyzon").

On June 21, 2021, Decarb filed with the SEC the definitive proxy statement on Schedule 14A (together with any amendments or supplements thereto, the "Proxy Statement") soliciting approval of the proposed Merger from Decarb stockholders at a special meeting of stockholders set for July 15, 2021 (the "Special Meeting"). The Proxy Statement provided Decarb stockholders with information about the Merger and informed them that they had until 4:00 p.m., Eastern time, on July 13, 2021 (the "Redemption Deadline") to properly exercise their right to redeem their Public Shares for a *pro rata* portion of the funds on deposit in the Trust.

A total of 2,089,323 Public Shares were presented for redemption in connection with the Special Meeting.

On July 15, 2021, Decarb stockholders voted to approve the Merger at the Special Meeting.

On July 16, 2021, the Merger closed. The post-Merger company's shares trade on the Nasdaq stock exchange under the ticker symbol "HYZN."

On March 18, 2022, Plaintiff commenced the Action by filing a verified class action complaint (the "Original Complaint") on behalf of himself and all other similarly situated former Decarb stockholders, against the Settling Defendants, asserting claims for breach of fiduciary duty resulting from the Settling Defendants' alleged impairment of Decarb stockholders' redemption right in connection with the Merger.

On May 26, 2022, the Settling Defendants filed an opening brief in support of their motion to dismiss Plaintiff's Original Complaint. On August 2, 2022, Plaintiff filed the verified first amended class action complaint against the Settling Defendants, asserting claims for breach of fiduciary duty (the "First Amended Complaint"), again asserting claims for breach of fiduciary duty and unjust enrichment and alleging that certain of the Settling Defendants' actions impaired Decarb stockholders' ability to exercise their redemption rights on a fully informed basis.

On October 3, 2022, the Settling Defendants filed an opening brief in support of their motion to dismiss Plaintiff's First Amended Complaint. Plaintiff filed an answering brief in opposition to the Settling Defendants' motion on November 22, 2022 and, on December 22, 2022, the Settling Defendants filed a reply in support of their motion.

On January 5, 2023, Plaintiff submitted supplemental authority in advance of the hearing on the Settling Defendants' motion, then set for January 13, 2023. On January 11, 2023, the Court postponed the January 13, 2023 hearing on the Settling Defendants' motion to dismiss Plaintiff's First Amended Complaint and requested supplemental briefing. On February 3, 2023, the Parties filed the requested supplemental briefing.

On January 24, 2023, Plaintiff filed a motion for leave to supplement the First Amended Complaint ("Motion for Leave"). On February 7, 2023, the Settling Defendants filed an opposition to Plaintiff's Motion for Leave and, on February 14, 2023, Plaintiff filed a reply in support of his Motion for Leave. On March 2, 2023, following oral argument, the Court denied Plaintiff's Motion for Leave.

On April 21, 2023, the Court heard oral argument on the Settling Defendants' motion to dismiss Plaintiff's First Amended Complaint. On June 16, 2023, Plaintiff submitted further supplemental authority in support of his opposition.

On July 17, 2023, the Court denied the Settling Defendants' motion to dismiss. On September 8, 2023, Settling Defendants filed an answer and affirmative defenses to the First Amended Complaint.

On September 22, 2023, the Parties filed a Stipulation and Proposed Order Governing Case Schedule setting trial for April 7-11, 2025, which the Court granted with modifications on October 2, 2023.

From August 2023 through July 2024, the Parties engaged in document and other written discovery: (i) Plaintiff propounded requests for the production of documents to the Settling Defendants, served interrogatories directed to the Settling Defendants, and served a subpoena *duces tecum* and *ad testificandum* on nine third parties; (ii) the Settling Defendants served responses and objections to Plaintiff's requests for the production of documents and interrogatories; (iii) the Settling Defendants, Hyzon, and various third parties produced over 810,000 pages of documents in response to Plaintiff's discovery requests and subpoenas; (iv) the Settling Defendants propounded requests for the production of documents to Plaintiff and served interrogatories directed to Plaintiff; (v) Plaintiff served

responses and objections to the Settling Defendants' requests for the production of documents and interrogatories; and (vi) Plaintiff produced 3,947 pages of documents in response to the Settling Defendants' requests for the production of documents. On July 15, 2024, Plaintiff filed a motion for leave to file a verified second amended class action complaint against the Settling Defendants for alleged breach of fiduciary duty and unjust enrichment and against Legacy Hyzon and Craig M. Knight (the "Legacy Hyzon Defendants") for allegedly aiding and abetting the Settling Defendants' alleged breaches of fiduciary duty (the "Second Amended Complaint"). On August 2, 2024, the Court granted Plaintiff's motion for leave.

On August 5, 2024, Plaintiff filed the Second Amended Complaint.

On July 31, 2024, following the exchange of mediation statements, the Parties, except for the Legacy Hyzon Defendants, participated in a full-day mediation (the "Mediation") before Robert Meyer (the "Mediator"), a mediator associated with JAMS with over twelve years of mediation experience focusing on complex business litigation. With the assistance and under the oversight of the Mediator, during the Mediation, the Parties other than the except for the Legacy Hyzon Defendants reached an agreement in principle to settle the Released Plaintiff's Claims for $8.8 million in cash, subject to Court approval, the definitive terms of which are reflected in the Stipulation. On November 8, 2024, the Legacy Hyzon Defendants moved to dismiss the Second Amended Complaint.

On December 20, 2024, Hyzon announced that it planned to liquidate and dissolve.

On February 20, 2025, Hyzon announced that it would delist from NASDAQ and deregister with the SEC.

On May 14, 2025, Plaintiff filed a stipulation to voluntarily dismiss all claims against the Legacy Hyzon Defendants without prejudice, which the Court approved that same day.

On June 10, 2025, following extensive negotiations regarding the specific terms and conditions of their agreement, the Parties entered into the Stipulation. The Stipulation (together with the Exhibits thereto), which reflects the final and binding agreement between the Parties and the terms and conditions of the Settlement, can be viewed at www.DCRBSpacSettlement.com.

On _____, 2025, the Court entered a Scheduling Order directing that notice of the Settlement be provided to potential Class Members, and scheduling the

Settlement Hearing to, among other things, consider whether to grant final approval to the Settlement.

| 3. | HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
|---|---|

If you are a member of the Class, you are subject to the Settlement.  The Class preliminarily certified by the Court solely for purposes of the Settlement consists of:

> All Persons who held shares of Decarb Class A common stock as of the Redemption Deadline, either of record or beneficially, who did not redeem all of their shares, including their heirs, successors- in- interest, successors, transferees, and assigns.  Excluded from the Class are: Erik Anderson, Jennifer Aaker, Jane Kearns, Pierre Lapeyre, Jr., David Leuschen, Robert Tichio, Jim McDermott, Jeffrey Tepper, Michael Warren, Riverstone, DCRB Sponsor, WRG, Legacy Hyzon, and Knight, as well as the members of their immediate families, and any entity in which any of them has a controlling interest, and the heirs, successors, or assignees of any such excluded party (together, the "Excluded Persons").  Excluded Persons also include any trusts, estates, entities, or accounts that held shares of Decarb for the benefit of any of the foregoing Excluded Persons.

**Please Note:** The Class is a non "opt-out" class pursuant to Delaware Court of Chancery Rules 23(a), 23(b)(1), and 23(b)(2).  Accordingly, Class Members do not have the right to exclude themselves from the Class.

| 4. | WHAT ARE THE TERMS OF THE SETTLEMENT? |
|---|---|

In consideration of the settlement of the Released Plaintiff's Claims (defined herein) against Released Defendant Parties (defined herein), the Settling Defendants will deposit or cause to be deposited the $8,800,000 Settlement Amount into an interest-bearing escrow account for the benefit of the Class.

| 5. | WHAT ARE THE PARTIES' REASONS FOR THE SETTLEMENT? |
|---|---|

Plaintiff continues to believe that the claims asserted in the Action have merit, but also believes that the Settlement set forth in the Stipulation provides substantial and immediate benefits for the Class.  In addition to these substantial benefits,

- 10 -

Plaintiff and Plaintiff's Counsel have considered: (i) the attendant risks of continued litigation and the uncertainty of the outcome of the Action; (ii) the probability of success on the merits; (iii) the inherent problems of proof associated with, and possible defenses to, the claims asserted in the Action; (iv) the desirability of permitting the Settlement to be consummated according to its terms; (v) the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals; and (vi) the conclusion of Plaintiff and Plaintiff's Counsel that the terms and conditions of the Settlement and the Stipulation are fair, reasonable, and adequate, and that it is in the best interests of the Class to settle the claims asserted in the Action on the terms set forth in the Stipulation.

Based on Plaintiff's Counsel's thorough review and analysis of the relevant facts, allegations, defenses, and controlling legal principles, Plaintiff's Counsel believe that the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and confers substantial benefits upon the Class. Based upon Plaintiff's Counsel's evaluation, as well as his own evaluation, Plaintiff has determined that the Settlement is in the best interests of the Class and has agreed to the terms and conditions set forth in the Stipulation.

The Settling Defendants deny any and all allegations of wrongdoing, fault, liability, or damages with respect to Released Plaintiff's Claims, including, but not limited to, any allegations that the Settling Defendants have violated the law or breached any duty owed to Decarb stockholders, that the Merger was not entirely fair to, or in the best interests of, Decarb stockholders, that the Settling Defendants have acted improperly in any way, that the Settling Defendants have any liability or owe any damages of any kind to Plaintiff and/or the Class, and/or that the Settling Defendants were unjustly enriched in connection with the Merger. The Settling Defendants maintain that their conduct was at all times proper, in the best interests of Decarb and its stockholders, and in compliance with applicable law. The Settling Defendants also deny that Decarb stockholders were harmed by any conduct of the Settling Defendants that was alleged, or that could have been alleged, in the Action. Each of the Settling Defendants asserts that, at all relevant times, such Settling Defendant acted in good faith and in a manner believed to be in the best interests of Decarb and all of its stockholders.

Nevertheless, the Settling Defendants have determined to enter into the Settlement on the terms and conditions set forth in the Stipulation solely to resolve the Released Plaintiff's Claims, finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages.

**6.    WILL I RECEIVE A PAYMENT FROM THE SETTLEMENT? HOW MUCH WILL MY PAYMENT FROM THE SETTLEMENT, IF ANY, BE?  HOW WOULD I RECEIVE MY PAYMENT?**

As stated above, the $8,800,000 Settlement Amount will be deposited into an interest-bearing escrow account for the benefit of the Class.  If the Settlement is approved by the Court and the Effective Date of the Settlement occurs, the "Net Settlement Fund" (that is, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any attorneys' Fee and Expense Award ordered by the Court, including any service award to Plaintiff to be deducted solely from any Fee and Expense Award; and (iv) any other costs or fees approved by the Court) will be distributed in accordance with the proposed Plan of Allocation stated below or such other plan of allocation as the Court may approve.

The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and the Effective Date of the Settlement has occurred. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

The Court may approve the Plan of Allocation as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.DCRBSpacSettlement.com.

## PROPOSED PLAN OF ALLOCATION

## <u>UNDERSTANDING YOUR PAYMENT – NET SETTLEMENT FUND</u>

If the Settlement is approved by the Court, the Net Settlement Fund will be distributed only to Class Members who timely submit a valid Proof of Claim and Release to the Settlement Administrator in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve.  Class Members who do not timely submit a valid Proof of Claim and Release will not share in the Net Settlement Fund but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website: www.DCRBSpacSettlement.com.

- 12 -

The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among Class Members.  The Plan of Allocation is not a formal damages analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.  The formulas below are intended solely for purposes of this Plan of Allocation and cannot and should not be binding on Plaintiff or any Class Member for any other purpose.

**Calculation of Distribution Amounts**

A "Recognized Claim" will be calculated for each share of Decarb Class A common stock held by an Authorized Claimant as of the close of the market on July 13, 2021 that was not redeemed in connection with the Merger that is listed on the Proof of Claim and Release and for which adequate documentation is provided to the Settlement Administrator, as follows:

A.    the Recognized Claim for each share of Decarb Class A common stock held as of July 13, 2021 that could have been but was not redeemed and that was (i) sold prior to the Merger on July 16, 2021, or (ii) cancelled and converted to a share of Hyzon ordinary stock and sold before the close of the market on March 18, 2022, at a price below $10.00 shall be the Redemption Price of $10.00 minus the sale price, plus Nominal Damages (as defined below).

B.    the Recognized Claim for each share of Decarb Class A common stock held as of July 13, 2021 that could have been but was not redeemed and that was (i) sold prior to the Merger on July 16, 2021, or (ii) cancelled and converted to a share of Hyzon ordinary stock and sold before the close of the market on March 18, 2022 at a price of $10.00 or greater shall be zero, plus Nominal Damages (as defined below).

C.    the Recognized Claim for each share of Decarb Class A common stock held as of July 13, 2021 that could have been but was not redeemed and that was cancelled and converted to a share of

Hyzon ordinary stock and held as of the close of the market on March 18, 2022, shall be $6.28, calculated as the Redemption Price of $10.00 minus $3.72 (the closing stock price of Hyzon on March 18, 2022 rounded to the nearest cent), plus Nominal Damages (as defined below).

D.    Nominal Damages for each share of Decarb Class A common stock held as of July 13, 2021 that could have been but was not redeemed shall be $0.10 per share.

For the avoidance of doubt, there will be no Recognized Claim for any share of Decarb Class A common stock redeemed in connection with the Merger. To the extent that the calculation of an Authorized Claimant's Recognized Claim results in a negative number, that number shall be set to zero.

The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the sum of the Authorized Claimant's Recognized Claims divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant; however, they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action.

If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive their *pro rata* share of the Net Settlement Fund. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment. The Settling Defendants shall not have a reversionary interest in the Net Settlement Fund.

**Additional Provisions**

Any transaction in common stock executed outside regular trading hours for the U.S. financial market shall be deemed to have occurred during the next trading session.

All purchases and sales shall exclude any fees, taxes, and commissions.

Purchases and sales of Decarb Class A common stock or Hyzon ordinary stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Decarb Class A common stock or Hyzon ordinary stock shall not be deemed a purchase or sale of these shares of Decarb Class A common stock or Hyzon ordinary stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase of such shares of such Decarb Class A common stock or Hyzon ordinary stock unless (i) the donor or decedent purchased such shares of Decarb Class A common stock or Hyzon ordinary stock; (ii) no Proof of Claim and Release was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Decarb Class A common stock or Hyzon ordinary stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

The date of covering a "short sale" is deemed to be the date of purchase of Decarb Class A common stock or Hyzon ordinary stock. The date of a "short sale" is deemed to be the date of sale of Decarb Class A common stock or Hyzon ordinary stock. Under the Plan of Allocation, however, the Recognized Claim on "short sales" is zero and the Recognized Claim on any portion of a purchase that matches against (or "covers") a "short sale" is zero. The Recognized Claim on a "short sale" that is not covered by a purchase is also zero.

Decarb Class A common stock (including those shares converted to Hyzon ordinary stock) is the only security eligible for recovery under the Plan of Allocation. Option Contracts are not securities eligible to participate in the Settlement. With respect to shares of Decarb Class A common stock or Hyzon ordinary stock purchased or sold through the exercise of an option, the purchase/sale date of the Decarb Class A common stock or Hyzon ordinary stock is the exercise date of the option and the purchase/sale price of the Decarb Class A common stock or Hyzon ordinary stock is the exercise price of the option.

Distributions will be made to Authorized Claimants after all Proofs of Claim and Release have been processed and after the Court has finally approved the Settlement. After the initial distribution of the Net Settlement Fund, the Settlement Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund after a reasonable amount of time following the date of the initial distribution, if Plaintiff's Counsel, in consultation with the Settlement Administrator, determine that it is cost-effective to do so, the Settlement Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to

- 15 -

Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Plaintiff's Counsel, in consultation with the Settlement Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be donated to the Delaware Combined Campaign for Justice.

Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court for this Settlement shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiff, Plaintiff's Counsel, Plaintiff's damages expert, the Settling Defendants or their counsel, any of the other Class Members, or the Settlement Administrator or other agent designated by Plaintiff's Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court. Plaintiff, Plaintiff's Counsel, the Settling Defendants and their respective counsel, and all other released parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

Class Members who do not submit an acceptable Proof of Claim and Release will not share in the distribution of the Net Settlement Fund; however, they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action.

The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Class Member or claimant.

Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its claim.

**7.    WHAT WILL HAPPEN IF THE SETTLEMENT IS APPROVED? WHAT CLAIMS WILL THE SETTLEMENT RELEASE?**

If the Settlement is approved, the Court will enter an Order and Final Judgment (the "Judgment"). Pursuant to the Judgment, all claims asserted against Settling Defendants will be dismissed with prejudice and the following Releases will occur:

1.      Upon the Effective Date, Plaintiff and each and every Class Member, on behalf of themselves and any and all of their respective predecessors, successors, assigns, agents, representatives, trustees, executors, administrators, estates, heirs, and transferees, whether immediate or remote, shall and shall be deemed to have fully, finally, and forever released, relinquished, settled, and discharged the Released Defendant Parties, to the fullest extent permitted by law, from and with respect to every one of the Released Plaintiff's Claims on the terms and conditions set forth in the Stipulation, and shall thereupon be forever barred and enjoined from commencing, instituting, instigating, facilitating, asserting, continuing, maintaining, participating in, or prosecuting any and all Released Plaintiff's Claims against any of Released Defendant Parties; and

2.      Upon the Effective Date, the Settling Defendants, on behalf of themselves and any other Person or entity who could assert any of Released Defendants' Claims on their behalf, and to the fullest extent permitted by law, including in light of the releases set forth in paragraph 1, the other Released Defendant Parties (other than the Legacy Hyzon Defendants), shall or shall be deemed to have fully, finally, and forever released, settled, and discharged the Released Plaintiff Parties from and with respect to every one of the Released Defendants' Claims on the terms and conditions set forth in the Stipulation, and shall thereupon be forever barred and enjoined from commencing, instituting, instigating, facilitating, asserting, continuing, maintaining, participating in, or prosecuting any of Released Defendants' Claims against any of the Released Plaintiff Parties.

The following capitalized terms used in this section 7 shall have the meanings specified below:

"Released Defendant Parties" means the Settling Defendants, and any and all of their respective current and former parent entities, affiliates, subsidiaries and any and all directors, officers, employees, employers, controlling persons, owners, members, principals, managers, partners, limited partners, general partners, stockholders, representatives,

- 17 -

attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, agents, heirs, executors, trustees, personal representatives, estates, administrators, insurers, and reinsurers of any of the foregoing, and their respective predecessors, successors, or assigns.[3]

"Released Defendants' Claims" means, as against the Released Plaintiff Parties, to the fullest extent authorized by Delaware law, any and all claims, complaints, causes of action, or sanctions, including Unknown Claims, that have been or could have been asserted by the Settling Defendants in the Action, or in any court, tribunal, forum, or proceeding, which arise out of or relate in any way to the institution, prosecution, settlement, or dismissal of the Action; provided, however, that the Released Defendants' Claims shall not include (i) any claims to enforce the Stipulation; or (ii) any claims to enforce the Judgment entered by the Court.

"Released Plaintiff Parties" means Plaintiff, all other Class Members, and Plaintiff's Counsel, and their legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns of any of the foregoing.

"Released Plaintiff's Claims" means, as against the Released Defendant Parties, to the fullest extent authorized by Delaware law, any and all manner of claims, including Unknown Claims, suits, actions, causes of action, demands, liabilities, losses, rights, obligations, duties, damages, diminution in value, disgorgement, debts, costs, expenses, interest, penalties, fines, sanctions, fees, attorneys' fees, expert or consulting fees, agreements, judgments, decrees, matters, allegations, issues, and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or unapparent, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, fixed or contingent, whether based on state, local, federal, foreign, statutory, regulatory, or common law or equity or otherwise, that (a) Plaintiff or any other member of the Class individually or on behalf of the Class: (i) alleged, asserted, set forth, or claimed against the Released

---

[3] For the avoidance of doubt, Legacy Hyzon, Knight, Gordon, Gu, Brown, Edwards, Meng, Deok Park, and Wong are not released in the Settlement.

Defendant Parties in the Action or in any other action in any other court, tribunal, proceeding, or other forum, or (ii) could have alleged, asserted, set forth, or claimed against the Released Defendant Parties in the Action or in any other action in any other court, tribunal, proceeding, or other forum; and (b) that are based upon, arise out of, or relate in any way to the impairment of the redemption rights of any Decarb Class A stockholder.  Notwithstanding the above, (i) any claim to enforce the Stipulation or Judgment shall not be released as to the Settling Defendants; and (ii) the Non-Released Plaintiff's Claims shall not be released as to the Legacy Hyzon Defendants.

"Unknown Claims" means any Released Plaintiff's Claims and Released Defendants' Claims that a releasing Person does not know or suspect to exist in his, her, or its favor at the time of the release, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Plaintiff's Claims and Released Defendants' Claims, upon the Effective Date, Plaintiff and the Settling Defendants hereby expressly waive, and each of the Class Members and Released Defendant Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States or other jurisdiction, or principle of common law or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiff and the Settling Defendants acknowledge, and the Released Plaintiff Parties and the Released Defendant Parties by operation of law are deemed to acknowledge, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Plaintiff's Claims and the Released Defendants' Claims, but that it is the intention of Plaintiff and the Settling

- 19 -

Defendants, and by operation of law the Released Plaintiff Parties and the Released Defendant Parties, to completely, fully, finally, and forever extinguish any and all Released Plaintiff's Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.  Plaintiff and the Settling Defendants also acknowledge, and the Released Plaintiff Parties and the Released Defendant Parties by operation of law are deemed to acknowledge, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims is separately bargained for and is a key element of the Settlement.

| 8. | HOW WILL PLAINTIFF'S COUNSEL BE PAID? |
|---|---|

Plaintiff's Counsel[4] have not received any payment for their services in pursuing claims asserted in the Action, nor have Plaintiff's Counsel been paid for their expenses incurred in connection with the Action.  In connection with the Settlement, Plaintiff's Counsel will apply for a Fee and Expense Award to include an award of attorneys' fees in an amount not to exceed 25% of the Settlement Amount, plus an award of expenses incurred in connection with the Action (the "Fee Application"), which application will be wholly inclusive of any request for attorneys' fees and expenses on behalf of any Class Member or his, her, or its counsel in connection with the Settlement.  Plaintiff's Counsel may apply to the Court for a service award to Plaintiff not to exceed $15,000, payable out of any Fee and Expense Award.

Any award of attorneys' fees and expenses by the Court pursuant to the Fee Application (*i.e.*, the Fee and Expense Award) shall be paid out of, and not be in addition to, the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

---

[4]  Plaintiff's Counsel means Robbins Geller Rudman & Dowd LLP, Robbins LLP, and Andrews & Springer LLC.

- 20 -

> **9.    WHEN AND WHERE WILL THE SETTLEMENT HEARING BE HELD?  DO I HAVE TO ATTEND THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the Settlement Hearing.  Class Members can recover from the Settlement without attending the Settlement Hearing.

**<u>Please Note:</u>** The date and time of the Settlement Hearing may change without further written notice to Class Members.  In addition, the Court may decide to conduct the Settlement Hearing remotely by telephone or videoconference, or otherwise allow Class Members to appear at the hearing remotely by telephone or video, without further written notice to Class Members.  In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate remotely by telephone or video, it is important that you monitor the Court's docket and the Settlement website, www.DCRBSpacSettlement.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing, or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.DCRBSpacSettlement.com.  Also, if the Court requires or allows Class Members to participate in the Settlement Hearing remotely by telephone or videoconference, the information needed to access the conference will be posted to the Settlement website, www.DCRBSpacSettlement.com.

The Settlement Hearing will be held on _____, 2025, at [ : ] [_].m., before the Honorable Paul A. Fioravanti, Jr., Vice Chancellor, at the Court of Chancery of the State of Delaware, Leonard L. Williams Justice Center, 500 North King Street, Wilmington, DE 19801, to, among other things:

1.    Determine whether to finally certify the Class for settlement purposes only, pursuant to Court of Chancery Rules 23(a), 23(b)(1), and 23(b)(2);

2.    Determine whether Plaintiff and Plaintiff's Counsel have adequately represented the Class, and whether Plaintiff should be finally appointed Class Representative for the Class and Plaintiff's Counsel should be finally appointed Class Counsel for the Class;

3. Determine whether the proposed Settlement should be approved as fair, reasonable, and adequate to Plaintiff and the other members of the Class and in their best interests;

4. Determine whether the proposed Order and Final Judgment approving the Settlement, dismissing the Action with prejudice, and granting the Releases provided under the Stipulation should be entered;

5. Determine whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable, and should therefore be approved;

6. Determine whether and in what amount any Fee and Expense Award to Plaintiff's Counsel should be paid out of the Settlement Fund, including any service award to Plaintiff to be paid solely from any Fee and Expense Award;

7. Hear and rule on any objections to the Settlement, the proposed Plan of Allocation, and/or Plaintiff's Counsel's application for a Fee and Expense Award, including any service award to Plaintiff; and

8. Consider any other matters that may properly be brought before the Court in connection with the Settlement.

Any Class Member may object to the Settlement, the proposed Plan of Allocation, and/or Plaintiff's Counsel's Fee Application, including Plaintiff's application for a service award ("Objector"); provided, however, that no Objector shall be heard or entitled to object unless, no later than fourteen (14) calendar days before the Settlement Hearing (*i.e.*, by [INSERT DATE]), such person: (1) files his, her, or its written objection, together with copies of all other papers and briefs supporting the objection, with the Register in Chancery at the address set forth below; and (2) serves such papers on Plaintiff's Counsel and the Settling Defendants' Counsel (electronically by File & ServeXpress, by hand, by first-class U.S. mail, by express service, or by email) at the addresses set forth below.

| REGISTER IN CHANCERY |
|---|
| Register in Chancery<br>Court of Chancery of the State of Delaware<br>Leonard L. Williams Justice Center<br>500 North King Street<br>Wilmington, DE 19801 |

| PLAINTIFF'S COUNSEL | |
|---|---|
| Erik W. Luedeke<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>eluedeke@rgrdlaw.com | David M. Sborz<br>Andrews & Springer LLC<br>4001 Kennett Pike, Suite 250<br>Wilmington, DE  19807<br>dsborz@andrewsspringer.com |
| Gregory E. Del Gaizo<br>Robbins LLP<br>5060 Shoreham Place, Suite 300<br>San Diego, CA  92122<br>gdelgaizo@robbinsllp.com | |

| SETTLING DEFENDANTS' COUNSEL | |
|---|---|
| Jeffrey Crough<br>Vinson & Elkins LLP<br>Trammell Crow Center<br>2001 Ross Avenue, Suite 3900<br>Dallas, TX  75201<br>jcrough@velaw.com | James M. Yoch, Jr.<br>Young Conaway Stargatt & Taylor, LLP<br>1000 North King Street<br>Wilmington, DE  19801<br>jyoch@ycst.com |

Any objections must: (i) identify the case name and civil action number, "*Malork v. Anderson, LLC, et al.*", C.A. No. 2022-0260-PAF"; (ii) state the name, address, telephone number, and email address (if available) of the Objector and, if represented by counsel, the name, address, telephone number, and email address of the Objector's counsel; (iii) be signed by the Objector; (iv) contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the Objector wishes to bring to the Court's attention, and if the Objector has indicated that he, she, or it intends to appear at the Settlement Hearing, the identity of any witnesses the Objector may call to testify, and any exhibits the Objector intends to introduce into evidence at the hearing; (v) include documentary evidence sufficient to prove that the Objector is a member of the Class; and (vi) identify all class actions to which the Objector and the Objector's counsel have previously objected.  Plaintiff's Counsel are authorized to request from any Objector additional information or documentation sufficient to prove that the Objector is a member of the Class.

You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to

present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Plaintiff's Counsel's Fee Application, including Plaintiff's application for a service award (assuming you timely file and serve a written objection as described above), you must also file a notice of appearance with the Register in Chancery and serve it on Plaintiff's Counsel and the Settling Defendants' Counsel at the mailing and email addresses set forth above so that the notice is received on or before [_____], 2025.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Plaintiff's Counsel and the Settling Defendants' Counsel at the mailing and email addresses set forth above so that the notice is received on or before [_____], 2025.

The Settlement Hearing may be adjourned by the Court without further written notice to Class Members.  If you plan to attend the Settlement Hearing, you should confirm the date, time, and location with Plaintiff's Counsel.

Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection (including the right to appeal) and shall be forever foreclosed from making any objection to the Settlement, the Plan of Allocation, or Plaintiff's Counsel's Fee Application, including Plaintiff's application for a service award, or any other matter related to the Settlement or the Action, and will otherwise be bound by the Judgment to be entered and the Releases to be given.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

| 10. | CAN I SEE THE COURT FILE? WHO SHOULD I CONTACT IF I HAVE QUESTIONS? |
|-----|---------------------------------------------------------------------|

This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in the Action, you are

- 24 -

referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular business hours at the Office of the Register in Chancery, Court of Chancery of the State of Delaware, Leonard L. Williams Justice Center, 500 North King Street, Wilmington, DE 19801.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement website, www.DCRBSpacSettlement.com.

If you have questions regarding the Settlement, you may contact the Settlement Administrator by mail at *DCRB Spac Settlement*, c/o A.B. Data, Ltd., P.O. Box 173102, Milwaukee, WI 53217; by telephone at 1-877-580-7816; or by email at info@DCRBSpacSettlement.com.  You may also contact Plaintiff's Counsel: Erik W. Luedeke, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com; Gregory E. Del Gaizo, Robbins LLP, 5060 Shoreham Place, Suite 300, San Diego, CA 92122, 1-619-525-3990, gdelgaizo@robbinsllp.com; and David M. Sborz, Andrews & Springer LLC, 4001 Kennett Pike, Suite 250, Wilmington, DE 19807, 1-302-504-4957, dsborz@andrewsspringer.com. ***Do not contact the Court or its staff with questions about the terms of the proposed Settlement***.

---

**11.    WHAT IF I HELD SHARES ON SOMEONE ELSE'S BEHALF?**

---

If you are a broker or other nominee that held shares of Decarb Class A common stock as of July 13, 2021 for the beneficial interest of persons or entities other than yourself, you are requested to either: (i) within seven (7) calendar days of receipt of this Notice, request from the Settlement Administrator sufficient copies of this Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices, forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to A.B. Data, Ltd. at info@DCRBSpacSettlement.com or *DCRB Spac Settlement*, c/o A.B. Data, Ltd., P.O. Box 173102, Milwaukee, WI 53217.  If you choose the second option, the Settlement Administrator will send a copy of the Notice to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Settlement Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Reasonable expenses actually incurred in connection with the foregoing include up to $0.03 per record for providing names, addresses, and, if available, email addresses to the Settlement Administrator, up to a maximum of $0.03 per Notice mailed by you, plus postage at the rate used by the

Settlement Administrator, or $0.03 per Notice sent by email.  A copy of this Notice may also be obtained from the Settlement website, www.DCRBSpacSettlement.com, by calling the Settlement Administrator toll free at 1-877-580-7816, or by emailing the Settlement Administrator at info@DCRBSpacSettlement.com.

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE REGISTER IN CHANCERY ABOUT THIS NOTICE OR QUESTIONS ABOUT THE TERMS OF THE PROPOSED SETTLEMENT.**

DATED: _____       BY ORDER OF THE COURT OF CHANCERY OF THE STATE OF DELAWARE