# EXHIBIT D

EFiled: Jun 16 2025 11:34AM EDT
Transaction ID 76446955
Case No. 2022-0260-PAF

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| JOHN E. MALORK, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | |
| v. | ) ) | C.A. No. 2022-0260-PAF |
| | ) | |
| ERIK ANDERSON, JENNIFER AAKER, JANE KEARNS, PIERRE LAPEYRE, JR., DAVID LEUSCHEN, ROBERT TICHIO, JIM McDERMOTT, JEFFREY TEPPER, MICHAEL WARREN, RIVERSTONE INVESTMENT GROUP LLC, WRG DCRB INVESTORS, LLC and DECARBONIZATION PLUS ACQUISITION SPONSOR, LLC, CRAIG M. KNIGHT, and HYZON MOTORS INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER AND FINAL JUDGMENT

On this ____ day of _____, 2025, a hearing having been held before the Court to determine whether the terms and conditions of the settlement proposed in the Stipulation and Agreement of Compromise and Settlement, between (i) plaintiff John E. Malork ("Plaintiff"), individually and on behalf of the Class (as defined below); and (ii) defendants Erik Anderson, Jennifer Aaker, Jane Kearns, Pierre Lapeyre, Jr., David Leuschen, Robert Tichio, Jim McDermott, Jeffrey Tepper, Michael Warren, Riverstone Investment Group LLC ("Riverstone"),

4904-5077-1781.v2

Decarbonization Plus Acquisition Sponsor, LLC ("DCRB Sponsor"), and WRG DCRB Investors, LLC ("WRG") (collectively, the "Settling Defendants," and together with Plaintiff, the "Parties," and each a "Party"), dated June 10, 2025 (the "Stipulation"), which is incorporated herein by reference, are fair, reasonable, and adequate for the settlement of all claims asserted against Settling Defendants (the "Settlement"); and whether the Order and Final Judgment should be entered in the above-captioned class action (the "Action"); and the Court having considered all matters submitted to it at the hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     Except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order and Final Judgment.

2.     The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties for purposes of settlement.

3.     The Court finds that the mailing and internet distribution of the Notice Package and publication of the Summary Notice: (i) were implemented in accordance with the Scheduling Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of: (a) the pendency of the

- 2 -

4904-5077-1781.v2

Action; (b) the effect of the proposed Settlement (including the releases to be provided thereunder); (c) the terms of the proposed Plan of Allocation; (d) Plaintiff's Counsel's application for an award of attorneys' fees and expenses, including any application by Plaintiff for a service award; (e) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Plaintiff's Counsel's application for attorneys' fees and expenses, including any application by Plaintiff for a service award; and (f) their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Court of Chancery Rule 23, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

4.      Pursuant to the Scheduling Order, the Court provisionally certified, for settlement purposes only, a non-opt out class (the "Class") pursuant to Court of Chancery Rules 23(a), 23(b)(1), and (b)(2) consisting of:

> [A]ll Persons who held shares of Decarb Class A common stock as of 4:00 p.m., Eastern time, on July 13, 2021 (the "Redemption Deadline"), either of record or beneficially, and who did not redeem all of their shares, including their heirs, successors-in-interest, successors, transferees, and assigns, but excluding Erik Anderson, Jennifer Aaker, Jane Kearns, Pierre Lapeyre, Jr., David Leuschen, Robert Tichio, Jim McDermott, Jeffrey Tepper, Michael Warren, Riverstone, DCRB Sponsor, WRG, Legacy Hyzon, and Knight, as well as the members of their immediate families, and any entity in which any of them has a controlling interest, and the heirs, successors, or assignees of any such excluded party, including any trusts, estates, entities, or accounts that

4904-5077-1781.v2

held shares of Decarb shares for the benefit of any of the foregoing (the "Excluded Persons").

5. The Court also provisionally appointed Plaintiff as representative for the Class and appointed Robbins Geller Rudman & Dowd LLP, Robbins LLP, and Andrews & Springer LLC ("Plaintiff's Counsel") as counsel for the Class.

6. In accordance with the proposed class definition, set forth above, and for the purposes of settlement only, the Court finds that the Action is a proper class action pursuant to Delaware Court of Chancery Rules 23(a), 23(b)(1), and 23(b)(2) in that: (i) the Class Members are so numerous that their joinder in the Action would be impracticable; (ii) there are questions of law and fact common to the Class; (iii) the claims of Plaintiff are typical of claims of the Class; (iv) in connection with both the prosecution of the Action and the Settlement, Plaintiff and Plaintiff's Counsel have fairly and adequately represented the interests of the Class; (v) the prosecution of separate actions by individual Class Members would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for Defendants, and, as a practical matter, the disposition of the Action would influence the disposition of any pending or future identical suits, actions, or proceedings brought by other Class Members; and (vi) Defendants are alleged to have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. Pursuant to Court of Chancery Rule 23, for purposes

4904-5077-1781.v2

of settlement only, the Court hereby finally certifies the Class, finally appoints Plaintiff as representative of the Class, and finally appoints Plaintiff's Counsel as counsel for the Class.

7.    The Settlement of this Action as provided for in the Stipulation is approved as fair, reasonable, and adequate, and in the best interests of Plaintiff and the Class.

8.    Pursuant to Court of Chancery Rule 23, this Court approves the Settlement in all respects, and the Parties are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, and the Register of Chancery is directed to enter and docket this Order and Final Judgment.

9.    All claims against the Settling Defendants in the Action are hereby dismissed with prejudice, on the merits, and without fees, costs, or expenses (except as provided in the Stipulation).

10.    Upon entry of this Judgment, Plaintiff and each and every Released Plaintiff Party, on behalf of themselves and any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, family members, trustees, executors, administrators, estates, heirs, assigns and transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, shall, or shall be

- 5 -

4904-5077-1781.v2

deemed to, fully, finally, and forever, release, settle, and discharge the Released Defendant Parties, to the fullest extent permitted by law, from and with respect to every one of the Released Plaintiff's Claims on the terms and conditions set forth in the Stipulation, and shall thereupon be forever barred and enjoined from commencing, instituting, instigating, facilitating, asserting, maintaining, participating in, or prosecuting any and all Released Plaintiff's Claims against any of the Released Defendant Parties.

11.    Upon the entry of this Judgment, Defendants, on behalf of themselves and any other Person or entity who could assert any of the Released Defendants' Claims on their behalf, and, to the fullest extent permitted by law, including in light of the releases set forth in paragraph 10 above, the other Released Defendant Parties, shall, or shall be deemed to, fully, finally, and forever release, settle, and discharge the Released Plaintiff Parties from and with respect to every one of the Released Defendants' Claims on the terms and conditions set forth in the Stipulation, and shall thereupon be forever barred and enjoined from commencing, instituting, instigating, facilitating, asserting, maintaining, participating in, or prosecuting any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

12.    Plaintiff has agreed, and all other Class Members shall be deemed by operation of law to agree, pursuant to 10 *Del. C.* § 6304, that any damages recoverable against any other alleged tortfeasor, including the Legacy Hyzon

- 6 -

Defendants, will be reduced by the greater of: (a) the Settlement Amount; and (b) the *pro rata* share of the responsibility or liability for such damages, if any, of the Released Defendant Parties, should it be determined that any of the Released Defendant Parties are joint tortfeasors. This agreement was intended to comply with 10 *Del. C.* § 6304 so as to preclude any liability of the Released Defendant Parties to any joint tortfeasors for contribution or any other claim in which the alleged injury arises out of or relates to the claims asserted in, or arises out of or relates to the subject matter of, the Action, including any Released Plaintiff's Claims or any Non-Released Plaintiff's Claims.

13.    Upon the Effective Date, any claims (i) against the Released Defendant Parties, or (ii) by the Released Defendant Parties against any other Person, in which the injury claimed is the claimant's actual or threatened liability to Plaintiff or any other Class Member, arising out of or relating to the subject matter of the Action, including, without limitation, any third party claims for contribution in accordance with 10 *Del. C.* § 6304 and any similar laws and statutes, are hereby barred; provided, however, that any claims by a Settling Defendant for advancement or indemnification of legal fees and other litigation costs and expenses arising out of the Action shall not be barred.

14.    Plaintiff's Counsel are hereby awarded attorneys' fees, inclusive of litigation expenses, in the sum of $_____, which sum the Court finds

- 7 -

to be fair and reasonable.  Such sums shall be paid pursuant to the provisions of the Stipulation.  Neither Plaintiff, nor Plaintiff's Counsel, nor any Class Member shall make, or assist any other counsel in making, any application for an award of fees or expenses in any other jurisdiction from the Released Defendant Parties.  In addition, Plaintiff is awarded a service award in the amount of $_____, to be paid from the Fee and Expense Award.

15.     The Court hereby finds and concludes that the formula for the calculation of payments to Class Members as set forth in the Plan of Allocation stated in the Notice provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Class Members with due consideration having been given to administrative convenience and necessity.

16.     The binding effect of this Order and Final Judgment and the obligations of Plaintiff, Class Members, and Settling Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of attorneys' fees and expenses or the Plan of Allocation.

17.     The Parties and all Class Members shall be and are deemed bound by the Stipulation and this Order and Final Judgment.  This Order and Final Judgment, including the release of all Released Plaintiff's Claims against all Released Defendant Parties and the release of all Released Defendants' Claims against all

- 8 -

Released Plaintiff Parties, shall have *res judicata*, collateral estoppel, and all other preclusive effect in all pending and future lawsuits, arbitrations, or other proceedings involving any of the released parties.

18.    If the Effective Date does not occur: (i) this Order and Final Judgment shall be rendered null and void and shall be vacated; (ii) all orders entered and releases delivered in connection herewith shall be null and void; (iii) all of the Parties shall be deemed to have reverted to their respective litigation statuses immediately prior to the execution of the Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and any related orders had not been entered; (iv) all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice in any way; (v) the statements made in connection with the negotiation of the Stipulation shall not be deemed to prejudice in any way the positions of any of the Parties with respect to the Action, or to constitute an admission of fact of wrongdoing by any Party, shall not be used or entitle any Party to recover any fees or expenses incurred in connection with the Action; and (vi) neither the existence of the Stipulation nor its contents nor any statements made in connection with its negotiation or any settlement communications shall be admissible in evidence or shall be referred to for any purpose in the Action, or in any other suit, action, or proceeding.

- 9 -

4904-5077-1781.v2

19.     The Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by Plaintiff, Defendants, any Class Member, or any of the Released Defendant Parties or Released Plaintiff Parties.    Neither the Stipulation, nor any of the terms and provisions of the Stipulation, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statements in connection therewith, (i) shall (a) be argued to be, used, or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of any of the Released Defendant Parties or Released Plaintiff Parties, or of any infirmity of any defense, or of any damage to Plaintiff or any other Class Member, or any lack of merit of any claim, or lack of damages to Plaintiff or any other Class Member, or (b) otherwise be used to create or give rise to any inference or presumption against any of the Released Defendant Parties or Released Plaintiff Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Defendant Parties or Released Plaintiff Parties or any injury, or damages to any person or entity, or (ii) shall otherwise be admissible, referred to, or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Judgment may be

- 10 -

4904-5077-1781.v2

introduced in any proceeding subject to Rule 408 of the Delaware Rules of Evidence and any and all other state and federal law corollaries thereto, whether in the Court or otherwise, as may be necessary to argue and establish that the Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and Judgment or to secure any insurance rights or proceeds of any of the Released Defendant Parties or Released Plaintiff Parties or as otherwise required by law. This provision shall remain in force in the event that the Settlement is terminated for any reason whatsoever.

20. Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. Without further order of the Court, the Parties may agree to and adopt such amendments, modifications, and expansions of the Stipulation and/or any of the exhibits attached thereto to effectuate the Settlement that are not materially inconsistent with this Order and Final Judgment.

22. Without affecting the finality of this Order and Final Judgment in any way, the Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

23. Pursuant to Court of Chancery Rule 54(b), the Court determines that there is no just reason for delay and directs for the entry of this Judgment on all

4904-5077-1781.v2

- 12 -

claims asserted against the Settling Defendants in the Action as final and immediately appealable.

IT IS HEREBY ORDERED this ___ day of _____, 2025.

_____
Vice Chancellor Paul A. Fioravanti, Jr.

4904-5077-1781.v2