# EXHIBIT E

GRANTED WITH MODIFICATIONS

EFiled:  Jun 25 2025 09:37AM EDT
Transaction ID 76526247
Case No. 2022-0260-PAF

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| JOHN E. MALORK, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ERIK ANDERSON, JENNIFER AAKER, JANE KEARNS, PIERRE LAPEYRE, JR., DAVID LEUSCHEN, ROBERT TICHIO, JIM McDERMOTT, JEFFREY TEPPER, MICHAEL WARREN, RIVERSTONE INVESTMENT GROUP LLC, WRG DCRB INVESTORS, LLC and DECARBONIZATION PLUS ACQUISITION SPONSOR, LLC, CRAIG M. KNIGHT, and HYZON MOTORS INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 2022-0260-PAF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## [PROPOSED] SCHEDULING ORDER

WHEREAS, the Parties to the above-captioned action (the "Action") have entered into a Stipulation and Agreement of Compromise and Settlement dated June 10, 2025 (the "Stipulation"), which sets forth the terms and conditions for the proposed settlement and resolution of the claims asserted against the Settling Defendants in the Action (the "Settlement"), subject to review and approval by this Court pursuant to Court of Chancery Rule 23 upon notice to the Class;

4923-2824-6341.v2

NOW, THEREFORE, this ____ day of _____, 2025, upon application of the Parties, IT IS HEREBY ORDERED THAT:

1.      Except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Scheduling Order.

2.      In accordance with the proposed class definition in the Stipulation, for the purposes of settlement only, the Action preliminarily shall be maintained as a non-opt-out class action under Delaware Court of Chancery Rules 23(a), 23(b)(1), and 23(b)(2) on behalf of the following class (the "Class"):

> [All] Persons who held shares of Decarb Class A common stock as of 4:00 p.m., Eastern time, on July 13, 2021 (the "Redemption Deadline"), either record or beneficially, and who did not redeem all of their shares, including their heirs, successors-in-interest, successors, transferees, and assigns, but excluding Erik Anderson, Jennifer Aaker, Jane Kearns, Pierre Lapeyre, Jr., David Leuschen, Robert Tichio, Jim McDermott, Jeffrey Tepper, Michael Warren, Riverstone, DCRB Sponsor, WRG, Legacy Hyzon, and Knight, as well as the members of their immediate families, and any entity in which any of them has a controlling interest, and the heirs, successors, or assignees of any such excluded party, including any trusts, estates, entities, or accounts that held shares of Decarb shares for the benefit of any of the foregoing (the "Excluded Persons").

For purposes of settlement only, the Court preliminarily finds that: (i) the members of the Class (collectively, the "Class Members") are so numerous that their joinder in the Action would be impracticable; (ii) there are questions of law and fact common to the Class; (iii) the claims of Plaintiff are typical of the claims of the Class; (iv) in connection with the prosecution of the Action and the Settlement,

Plaintiff and Plaintiff's Counsel have and will fairly and adequately represent and protect the interests of the Class; (v) the prosecution of separate actions by individual Class Members would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for Settling Defendants, and, as a practical matter, the disposition of the Action would influence the disposition of any pending or future identical suits, actions, or proceedings brought by other Class Members; and (vi) Settling Defendants are alleged to have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

3.    The Court provisionally appoints Plaintiff as representative for the Class and appoints the law firms of Robbins Geller Rudman & Dowd LLP, Robbins LLP, and Andrews & Springer LLC as counsel for the Class.

4.    A hearing (the "Settlement Hearing") will be held on _____, 2025, at _____ __.m., in the Court of Chancery of the State of Delaware, Leonard L. Williams Justice Center, 500 North King Street, Wilmington, Delaware 19801, to: (i) determine whether the Class should be certified for settlement purposes pursuant to Delaware Court of Chancery Rules 23(a), 23(b)(1), and 23(b)(2); (ii) determine whether Plaintiff and Plaintiff's Counsel have adequately represented the interests of the Class in the Action; (iii) determine whether the Court should approve the Settlement as fair, reasonable, and adequate and in the best interests of

- 3 -

the Class; (iv) determine whether the Action should be dismissed with prejudice pursuant to Court of Chancery Rule 54(b) by entry of the Judgment pursuant to the Stipulation, releasing the Released Plaintiff's Claims and Released Defendants' Claims against the respective Released Plaintiff Parties and Released Defendant Parties, and barring and enjoining prosecution of any and all released claims against any and all respective Released Plaintiff Parties and Released Defendant Parties; (v) determine whether the proposed Plan of Allocation is fair and reasonable, and should therefore be approved; (vi) consider the application by Plaintiff's Counsel for attorneys' fees and payment of expenses, including any application for a service award to Plaintiff; (vii) hear and determine any objections to the Settlement, to the Plan of Allocation, to the application of Plaintiff's Counsel for an award of attorneys' fees, costs, and expenses, and/or to a service award to Plaintiff; and (viii) rule on such other matters as the Court may deem appropriate.

5.      The Court may adjourn and reconvene the Settlement Hearing, or any adjournment thereof, including the consideration of the application for attorneys' fees and expenses, without further notice to Class Members other than oral announcement at the Settlement Hearing or any adjournment thereof or a notation on the docket in the Action, and retains jurisdiction over the Parties and all Class Members to consider all further applications arising out of or connected with

- 4 -

the proposed Settlement.  The Court may also decide to hold the Settlement Hearing by telephone or videoconference without notice to Class Members.

6.     The Court may approve the Settlement at or after the Settlement Hearing, according to the terms and conditions of the Stipulation, as it may be modified by the Parties, without further notice to Class Members.  Further, the Court may render its judgment and order the payment of attorneys' fees and expenses, and/or authorize payment of a service award, at or after the Settlement Hearing, with such modifications as may be consented to by the Parties and without further notice of any kind.

7.     The Court approves, in form and substance, the Notice of Pendency and Proposed Settlement of Stockholder Class Action, Settlement Hearing, and Right to Appear (the "Notice"), including the Plan of Allocation, and the Proof of Claim and Release (together, "Notice Package"), substantially in the forms attached as Exhibits B and B-1 to the Stipulation.

8.     The Court finds that the mailing of the Notice in substantially the manner set forth in this Scheduling Order: (i) constitutes the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder and the Plan of Allocation), of Plaintiff's Counsel's application for an award of

- 5 -

attorneys' fees and litigation expenses, of their right to object to the Settlement, and/or of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all Persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Court of Chancery Rule 23, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

9.      The Court approves A.B. Data, Ltd. as the Settlement Administrator.

10.     The Parties have used commercially reasonable efforts to identify eligible Class Members to whom the Notice Package shall be provided, including by DCRB Sponsor providing Plaintiff with lists of Decarb Class A common stockholders of record as of the Merger's record date and Plaintiff serving a subpoena on Decarb's transfer agent for the Merger, Continental Stock Transfer & Trust Company.  The Parties will continue these efforts, including by:

(a)     No later than seven (7) calendar days after the date of entry of this Scheduling Order ("Notice Date"), Plaintiff will provide the Settlement Administrator with the lists of Decarb Class A common stockholders of record as of the Merger's record date and all additional records obtained as a result of Plaintiff's subpoena on Decarb's transfer agent.

(b)     Within twenty-one (21) calendar days from the date of the Notice Date, the Settlement Administrator shall commence mailing, or cause to be mailed,

- 6 -

by first class U.S. mail or other mail service if mailed outside the U.S., postage prepaid, the Notice Package to: (i) each identified Class Member at their last known address, including identified nominees or custodians who held Decarb Class A common stock as of the Redemption Deadline as record holders but not as beneficial owners; and (ii) other entities known to the Settlement Administrator who commonly hold securities in "street name" as nominees for the benefit of their customers who are beneficial purchasers of securities.  All record holders of stock who held such stock on behalf of beneficial owners and who receive the Notice Package are hereby directed, within seven (7) calendar days of receipt of the Notice Package, to either (i) forward copies of the Notice Package to their beneficial owners, or (ii) provide the Settlement Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners, in which case the Settlement Administrator is directed to send the Notice Package promptly to such identified beneficial owners.  Nominee holders who elect to send the Notice Package to their beneficial owners shall send a statement to the Settlement Administrator confirming that the mailing was made as directed. Plaintiff's Counsel and the Settlement Administrator shall use reasonable efforts to provide notice to such beneficial owners by making additional copies of the Notice Package available to any record holder who, prior to the Settlement Hearing, requests the same for distribution to beneficial owners.

(c)     Within twenty-one (21) calendar days from the date of entry of this Scheduling Order, Plaintiff or the Settlement Administrator shall cause the Summary Notice of Pendency and Proposed Settlement of Stockholder Class Action, Settlement Hearing, and Right to Appear, attached as Exhibit C to the Stipulation, to be published over the *PR Newswire*.

(d)     Within twenty-one (21) calendar days from the date of entry of this Scheduling Order, Plaintiff or the Settlement Administrator shall cause the Stipulation and the Notice Package to be posted on a Settlement website established and maintained by the Settlement Administrator.

11.     The Settlement Administrator and, to the extent they obtain access to the stockholder information described in ¶ 10 hereof, Plaintiff's Counsel, shall use that information solely for the purpose of administering the Settlement as set forth in the Stipulation, and not for any other purpose, and shall not disclose the stockholder information to any other party except as necessary to administer the Settlement or as required by law.

12.     Any and all Notice and Administration Costs associated with the distribution of the Notice Package or any additional notice shall be paid in accordance with the Stipulation.

13.     At least forty (40) calendar days before the Settlement Hearing, Plaintiff shall file any opening brief in support of the proposed Settlement, and

Plaintiff's Counsel shall file their application for an award of attorneys' fees and expenses, including any application by Plaintiff for a service award, together with any supporting affidavit(s).  Plaintiff shall file with the Court at that time proof of mailing of the Notice Package.

14.    To be eligible to receive a distribution from the Net Settlement Fund, Class Members must complete and submit Proofs of Claim and Release in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted online or received by mail no later than ninety (90) calendar days from the Notice Date.

15.    At the Settlement Hearing, any Class Member who desires to do so may appear personally or by counsel, and show cause, if any, why the Settlement of the Action in accordance with and as set forth in the Stipulation should not be approved as fair, reasonable, and adequate, and in the best interests of the Class; why the Judgment should not be entered in accordance with and as set forth in the Stipulation; or why the Court should not grant Plaintiff's Counsel's application for an award of attorneys' fees and expenses incurred in the Action, including Plaintiff's application for a service award; provided, however, that unless the Court in its discretion otherwise directs, no Class Member, or any other Person, shall be entitled to contest the approval of the terms and conditions of the Settlement or (if approved) the Judgment to be entered thereon, or the allowance of fees and expenses to Plaintiff's

- 9 -

Counsel, and no papers, briefs, pleadings, or other documents submitted by any Class Member or any other Person (excluding a Party to the Stipulation) shall be received or considered, except by order of the Court for good cause shown, unless, no later than fourteen (14) calendar days prior to the Settlement Hearing, such Person files with the Register in Chancery, the Court of Chancery of the State of Delaware, Leonard L. Williams Justice Center, 500 North King Street, Wilmington, Delaware 19801, and serves upon the attorneys listed below: (i) a written and signed notice of intention to appear, which states the case name and civil action number, the name, address, telephone number, and email address (if available) of the objector and, if represented, his, her, their, or its counsel; (ii) documentation evidencing membership in the Class; (iii) a written and detailed statement of objections to any matter before the Court; (iv) the grounds therefor or the reasons for wanting to appear and be heard, as well as all documents or writings the Court shall be asked to consider; and (v) the identity of all class actions to which the objector and, if represented, his, her, their, or its counsel, has previously objected.  These writings must also be served, on or before such filing with the Court, electronically by File&Serve*Xpress*, by hand, by first-class U.S. mail, by express service, or by email, upon the following attorneys:

- 10 -

| PLAINTIFF'S COUNSEL | |
|---|---|
| Erik W. Luedeke<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>eluedeke@rgrdlaw.com | David M. Sborz<br>Andrews & Springer LLC<br>4001 Kennett Pike, Suite 250<br>Wilmington, DE 19807<br>dsborz@andrewsspringer.com |
| Gregory E. Del Gaizo<br>Robbins LLP<br>5060 Shoreham Place, Suite 300<br>San Diego, CA 92122<br>gdelgaizo@robbinsllp.com | |
| SETTLING DEFENDANTS' COUNSEL | |
| Jeffrey Crough<br>Vinson & Elkins LLP<br>Trammell Crow Center<br>2001 Ross Avenue, Suite 3900<br>Dallas, TX 75201<br>jcrough@velaw.com | James M. Yoch, Jr.<br>Young Conaway Stargatt & Taylor, LLP<br>1000 North King Street<br>Wilmington, DE 19801<br>jyoch@ycst.com |

Counsel for the Parties are directed to promptly furnish each other with copies of any and all objections that might come into their possession.

16.    Unless the Court orders otherwise, any Class Member who or which does not make his, her, their, or its objection in the manner provided herein shall: (i) be deemed to have waived and forfeited his, her, their, or its right to object, including any right of appeal, to any aspect of the proposed Settlement or Plaintiff's Counsel's application for an award of attorneys' fees and litigation expenses, including any application by Plaintiff for a service award; (ii) be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered approving the Settlement, or the attorneys' fees and litigation

- 11 -

expenses requested or awarded, including any service award; and (iii) be deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding, with respect to any matters concerning the Settlement or the requested or awarded attorneys' fees and litigation expenses, including any service award.

17.    At least five (5) calendar days before the date of the Settlement Hearing, the Parties shall file any reply in response to any objections to the Settlement and Plaintiff's Counsel shall file any reply in response to any objections to their application for an award of attorneys' fees, costs, and expenses, including any application by Plaintiff for a service award.

18.    If the Settlement is approved by the Court following the Settlement Hearing, the Court shall enter an Order and Final Judgment, substantially in the form of Exhibit D to the Stipulation.

19.    If the Settlement is terminated as provided in the Stipulation, this Scheduling Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Scheduling Order shall be without prejudice to the rights of Plaintiff, the other Class Members, and Defendants, and Plaintiff and Defendants shall revert to their status before the Settlement, as provided in the Stipulation.

20.    If the Settlement Administrator does not receive the Decarb stockholder information responsive to ¶ 5 of the Stipulation within seven (7) calendar days after

execution of the Stipulation, then Plaintiff's Counsel may seek a postponement or adjournment of the Settlement Hearing for a period reasonably sufficient for the Settlement Administrator to obtain the missing information; provided, however, that if the Settlement Hearing has been postponed or adjourned and the Settlement Administrator does not receive all of the Decarb stockholder information responsive to ¶ 5 of the Stipulation within six months of the date of the Stipulation, the Parties shall confer in good faith, including with respect to an alternative plan of allocation of the Settlement Fund to be presented to the Court, and seek to schedule as promptly as practicable the Settlement Hearing and obtain Court approval of the Stipulation and the Settlement.

21.     All proceedings in the Action shall be stayed except as provided in the Stipulation.

22.     The Court may, for good cause, extend any of the deadlines set forth in this Scheduling Order without further notice.

IT IS HEREBY ORDERED this ___ day of _____, 2025.

_____
Vice Chancellor Paul A. Fioravanti, Jr.

- 13 -

**This document constitutes a ruling of the court and should be treated as such.**

| | |
|---|---|
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | Paul A Fioravanti |
| **File & Serve Transaction ID:** | 76446935 |
| **Current Date:** | Jun 25, 2025 |
| **Case Number:** | 2022-0260-PAF |
| **Case Name:** | CONF ORD John E. Malork v. Erik Anderson, et al. |
| **Court Authorizer:** | Paul A Fioravanti Jr |

**Court Authorizer Comments:**

The hearing is scheduled for Friday, October 3, 2025 at 9:15 a.m. at the Leonard L. Williams Justice Center.

**/s/ Judge Paul A Fioravanti Jr**