**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *IN RE HYZON MOTORS INC.*<br>*SECURITIES LITIGATION* | Master File No. 6:21-cv-06612-MAV-MWP |
| This document Relates to:<br>    ALL ACTIONS | |

**DCRB DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION TO**
**EXPEDITE HEARING ON MOTION TO ENJOIN THE PROPOSED CLASS**
**SETTLEMENT IN THE *MALORK* CHANCERY ACTION**

In his Motion to Enjoin the Proposed Class Settlement in the *Malork* Chancery Action (ECF No. 110) (the "Injunction Motion") and the companion Motion to Expedite (ECF No. 111), Plaintiff asks this Court to issue an unprecedented All Writs Act injunction that would enjoin the Delaware Court of Chancery from entertaining an arms' length settlement of a Delaware class action because he fears that the release—tailored to the precise redemption impairment theory of the Delaware claims—would cover certain portions of his subsequent copycat federal claims in this action. The Delaware settlement was not required to provide for a narrower release just because Plaintiff added federal claims seeking to recover from the same DCRB Defendants, based on the exact same alleged misstatements made in connection with the exact same transaction. Nor is there any reason why Plaintiff cannot present his concerns about the scope of the release and the sufficiency of the class notice to the Delaware court in normal fashion, but instead he seeks to preempt the settlement altogether by collateral attack here.

The DCRB Defendants will demonstrate in due course why Plaintiff's extraordinary request is unsupportable and why he should be constrained to follow the normal path of objecting to the settlement where it has been presented in the Delaware Court of Chancery. The settlement

of the Delaware action was not an "end run" around this action threatening this Court's jurisdiction as Plaintiff asserts, but rather a mediated resolution of a class action that was far advanced and which will release the precise Delaware claims and theories.  Instead, Plaintiff is the one attempting to engage in an end-run around the normal path of objecting to a settlement in the court where it is presented.

But putting aside the merits of Plaintiff's motion, there is no emergency or good reason to depart from the Court's normal briefing schedule to consider the Injunction Motion.  The Delaware hearing to consider approval of the settlement is not until October 3, 2025, and all that will occur before then is mailing of a notice already approved as to form by the Delaware court, the opportunity for class members to register any objections, and submissions in support of and in opposition to the settlement.  If Plaintiff establishes that the notice is deficient, there is ample time to issue a supplemental notice or even adjust the October settlement hearing date.

Plaintiff's motion to block the settlement raises very serious legal issues about federal comity and the Anti-Injunction Act as to which this Court deserves proper briefing and argument.  Given the available procedure for objecting to the settlement in the Delaware court and lack of time pressure, Plaintiff has certainly not established good reason for expedition.  Accordingly, the Motion to Expedite should be denied.

## I.    BACKGROUND

On March 21, 2022, Plaintiff filed his first consolidated complaint in this action after being appointed lead plaintiff.  ECF No. 34.  The complaint did not assert Section 14(a) claims premised on allegations regarding alleged deficiencies in the proxy statement seeking shareholder approval of the merger (the "Merger") between Decarbonization Plus Acquisition Corp. ("DCRB") and Hyzon Motors, Inc. ("Hyzon"), nor did it focus on alleged impairment of DCRB stockholders'

redemption rights as an alternative to continuing as stockholders of the surviving Hyzon entity. Indeed, the complaint did not mention the words "redemption" or "redeem." Instead, based on alleged misrepresentations about Hyzon's business, the complaint asserted claims under Section 10(b) and 20(a) against Hyzon Motors, Craig Knight (Hyzon's former CEO), Craig Knight (Hyzon's former CFO), Erik Anderson (a Hyzon director and DCRB's former CEO), Peter Haskopoulos (DCRB's former CFO), and Robert Tichio (DCRB's former Chairman).

Three days prior to Plaintiff filing his first consolidated complaint, on March 18, 2022, John E. Malork filed an action in the Delaware Court of Chancery (the "*Malork* Action") seeking to represent a class of "all holders of [DCRB] common stock who held such stock prior to the July 13, 2021 redemption deadline and were entitled to elect to redeem their shares but did not" in connection with the merger between DCRB and Hyzon. Crough Dec., Ex. 1, *Malork v. Anderson*, C.A. No. 2022-0260-PAF (Del. Ch.), Compl. ¶ 99. In the *Malork* Action, the plaintiff alleged that the DCRB Defendants breached fiduciary duties in connection with seeking stockholder approval of the Merger by issuing a false and misleading proxy and other statements that impaired DCRB stockholders' redemption rights.[1] *Id*. ¶¶ 1-4, 108-124; *see also* Crough Dec., Ex. 2, *Malork*, C.A. No. 2022-0260-PAF, Am. Compl. ¶¶ 145-161.

On June 23, 2023—over a year after the *Malork* Action was filed—Plaintiff filed his **Third** Amended Complaint ("TAC"), adding for the first time Section 14(a) claims against the DCRB Defendants named in the *Malork* Action. *See* ECF No. 67 ¶¶ 543-552. In the TAC, Plaintiff updated the definition of the proposed class that he seeks to represent to also include "former

---

[1] The *Malork* Action is not unique in its redemption impairment theory and, instead, is one of many de-SPAC challenges that have followed the Delaware Court of Chancery's landmark ruling in *In re MultiPlan S'holders Litig.*, which recognized a direct claim against SPAC fiduciaries based on alleged impairment of redemption rights. 268 A.3d 784, 792 (Del. Ch. 2022) ("The plaintiffs have pleaded direct claims that center around the purported impairment of their redemption rights.").

shareholders of DCRB securities as of June 1, 2021 [who] were entitled to vote with respect to the Merger," *Id*. ¶ 508, and he alleged for the first time that the same alleged misstatements in the same solicitation materials "caused [DCRB stockholders] to not exercise their redemption rights." *Id*. ¶ 551.

Meanwhile, the parties to the *Malork* Action engaged in extensive dismissal briefing and motion practice related to amendment of the *Malork* complaint in 2022 and 2023 and, on July 17, 2023, the Delaware Court of Chancery denied the DCRB Defendants' motion to dismiss the *Malork* Action. Crough Dec., Ex. 3, *Malork*, C.A. No. 2022-0260-PAF, Tr. Ruling (Jul. 17, 2023). The DCRB Defendants answered the *Malork* compliant on September 8, 2023, and the parties to the *Malork* Action engaged in fact discovery throughout 2023 and 2024. Crough Dec., Ex. 4, *Malork*, C.A. No. 2022-0260-PAF, Answer (Sept. 8, 2023). As trial approached, on July 31, 2024, the DCRB Defendants and the plaintiff in the *Malork* Action reached a mediated agreement in principle to settle the claims and informed the Delaware court of the agreement. In a publicly available order issued on September 9, 2024, the Delaware court noted that the parties had reached a settlement in principle and revised the case schedule. Crough Dec., Ex. 5, *Malork*, C.A. No. 2022-0260-PAF, Order (Sept. 9, 2024).

On June 16, 2025, the DCRB Defendants and the plaintiff in the *Malork* Action filed definitive settlement papers to resolve the *Malork* Action subject to court approval (the "*Malork* Settlement"). ECF No. 112, Gilmore Dec., Ex. A ("*Malork* Settlement Stipulation"). In accordance with customary protocols in the Delaware court of equity involving breach of fiduciary duty claims, the *Malork* Settlement calls for certification, for settlement purposes, of a non-opt-out settlement class of DCRB stockholders who held DCRB stock as of the Merger's redemption deadline and were entitled to redeem their shares in connection with the Merger, but did not. *Id*.

¶ 1(b).  In exchange for a payment of $8.8 million in the *Malork* Settlement, these stockholders will provide the DCRB Defendants with a standard release from the precise claims at issue, *i.e.*, relating to the alleged impairment of their redemption rights.  *Id.* ¶¶ 1(aa), 1(ee), 2, 26.

On June 25, 2025, the Delaware Court of Chancery entered a customary scheduling order regarding the *Malork* Settlement which approved the form of notice and its distribution to settlement class members and set a settlement hearing for October 3, 2025 as well as a schedule for any objections by class members and submissions regarding the proposed settlement.  ECF No. 112, Gilmore Dec., Ex. E ("*Malork* Scheduling Order").

## II.    ARGUMENT

This Court's rules require that an applicant for an expedited briefing and hearing schedule must set forth reasons why expedition is required.  Local R. Civ. P. 7(d)(1).  Plaintiff has not shown that departure from a standard schedule is required here and expedition should be denied.

### a.    There is no need to depart from the standard briefing schedule.

First, any urgency is manufactured.  Plaintiff claims that "expedited consideration is necessary to protect the interest of absentee class members in both the state court and federal court actions."  ECF No. 111 at 3.  But Plaintiff himself waited two full work weeks after the filing of the *Malork* Settlement to file the Injunction Motion and the Motion to Expedite, and he fails to explain why allowing the DCRB Defendants the standard 14-day period to respond to the Injunction Motion would result in harm.  *See Malork* Settlement Agreement (filed on Monday, June 16, 2025); ECF Nos. 110, 111 (filed after close of business on Friday, June 27, 2025).

Plaintiff's Motion for Expedition requests only that responses to the Injunction Motion be filed within five business days after the Court grants the Motion to Expedite.[2]  ECF No. 111-1.

In the *Malork* Action, the settlement hearing is not scheduled to occur until October 3, 2025—***a fact that Plaintiff's Motion to Expedite does not even mention***.  *Malork* Scheduling Order at 14.  The standard briefing schedule on Plaintiff's Injunction Motion calls for briefing on that motion to be completed long before that date and with ample time for resolution of the Motion before the hearing:

| Standard Briefing Schedule Pursuant to Local Rule 7(b)(2)(B): | |
|---|---|
| Responses to Injunction Motion | July 11, 2025 |
| Reply in Support of Motion | July 18, 2025 (at latest) |

With regard to events occurring before October 3, 2025, the Motion to Expedite can only point to the July 17, 2025 deadline for distributing the notice in the *Malork* Settlement.  But even if the notice (which the Delaware Court of Chancery has already approved) is determined to be deficient (whether by this Court or more properly the Delaware court), Plaintiff never explains why this could not be cured by merely issuing a supplemental notice and/or extending the date of the settlement hearing.  And if Plaintiff truly believes that the notice in the *Malork* Action is deficient and poised to imminently mislead stockholders, he could (and presumably would) seek relief from the Delaware Court of Chancery—which he has not done.

The Delaware court's own deadlines for appearing and objecting to the *Malork* Settlement confirm that there is no urgency.  The Court of Chancery's scheduling order requires that parties contesting the *Malork* Settlement file their objection with the Court of Chancery on or before

---

[2] Even if the Court granted the Motion to Expedite today, responses would not be due until Monday, July 7 even under Plaintiff's requested timeline.

September 19, 2025. *Malork* Scheduling Order ¶ 15. This, if anything, is confirmation from the Delaware court itself that over three months remain before any adjudication of the rights of absentee class members will take place.

There is also no prospect of imminent harm to "absentee class members" in this action (where Plaintiff has not yet moved for class certification) if the Motion is briefed on a standard schedule. As the Court is well-aware, this action remains at the pleading stage, discovery has not begun and the PSLRA-mandated stay of discovery is in effect, and there is no set trial date.

If anything, there is good reason for a more civilized schedule since preparation of the opposition—whether expedited or not—will otherwise consume the July 4 holiday weekend. But there is certainly no basis to rush on such an important and extraordinary motion.

### b. The Injunction Motion is both procedurally improper and unlikely to succeed.

Second, to the extent the Court considers the merits of the Injunction Motion in determining whether there is good cause for expedition, Plaintiff's Injunction Motion is plainly without merit and unlikely to succeed—as will be explained more fully in the DCRB Defendants' substantive response to the Injunction Motion. As previewed above, there is a well-established procedure for Plaintiff to air his gripes with the *Malork* Settlement by making the required filings with and appearing in the Delaware Court of Chancery. *Malork* Scheduling Order ¶ 15. Based on his allegations in this action, Plaintiff is a member of the settlement class in the *Malork* Action and therefore has the opportunity to avail himself of those procedures. *See* Third Amended Compl., ECF No. 67 ¶ 31.[3]

---

[3] Indeed, Plaintiff's detour to challenge the *Malork* Settlement in this Court appears to be in direct contravention of the Delaware Court of Chancery's order regarding the settlement. *Malork* Scheduling Order ¶ 16 ("Unless the Court [of Chancery] orders otherwise, any Class Member who or which does not make his, her, their, or its objection in the matter provided herein shall … be

Despite this, Plaintiff asks this Court to enjoin the Delaware court from even considering the settlement.  But federal injunction of state court proceedings is an extraordinary remedy, is extremely disfavored, and the federal Anti-Injunction Statute "imposes an absolute ban upon the issuance of a federal injunction against a pending state court proceeding, in the absence of one of the recognized exceptions." *Mitchum v. Foster*, 407 U.S. 225, 228-29 (1972).  The United States Supreme Court has long counseled that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970).

Against this heavy presumption, Plaintiff argues that he meets exceptions to the absolute ban.  However, Plaintiff can point only to ***one, single case*** where a federal court enjoined parallel state litigation to a securities suit under the PSLRA and that was only after the plaintiffs' attorneys there engaged in a "thinly-veiled attempt to circumvent federal law" by rushing to state court with plaintiffs representing less than 1/26th of the stock at issue in the federal suit and entering into settlement negotiations after only minimal written or document discovery.  *In re BankAmerica Corp. Sec. Litig.*, 263 F.3d 795, 799 (8th Cir. 2001), as amended (Oct. 3, 2001).  As other courts denying requests for injunction in federal securities suits have noted, *BankAmerica* is an extreme outlier.  *See In re Lendingclub Sec. Litig.*, 282 F. Supp. 3d 1171, 1190 (N.D. Cal. 2017)  ("Only one court . . . has found an express right to enjoin a state court proceeding based on the PSLRA.").  And the outcome there was motivated by the existence of "woefully inadequate representation in

deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding, with respect to any matters concerning the Settlement….").

the state action" by attorneys who engaged in "precisely the sort of lawyer-driven machinations the PSLRA was designed to prevent." *Id.*

There are no such considerations here. As described above, Plaintiff amended his complaint in this action to assert copy-cat Section 14(a) claims against the DCRB Defendants *fifteen months after the Malork Action was filed.* Thus, the *Malork* Action cannot be characterized as "trying to piggy back on" this action. *In re Tezos Sec. Litig.*, 2018 WL 2387845, at *3-4 (N.D. Cal. May 25, 2018). In fact, it is Plaintiff here who is "piggybacking," by importing the Delaware Defendants and impairment theory on which he premises his Section 14(a) claim directly from the *Malork* Action. Moreover, the parties in *Malork* engaged in a year of fact discovery before reaching their settlement in principle, while Plaintiff here has not received any discovery from any defendant. Plaintiffs argue that it is a determinative factor whether the settlement will "dispose of all claims on behalf of all class members" (Mot. at 16), but Plaintiffs cannot seriously contend that would happen here because the *Malork* Settlement would resolve only the precise theory of harm and liability in the Delaware action (*i.e.*, involving alleged impairment of redemption rights) but no claims otherwise in connection with the Merger or regarding the Hyzon defendants conduct before or after the Merger. In fact, the Hyzon defendants are not parties to the *Malork* Settlement or released under it. Plaintiff's attempt to invoke the outlier *BankAmerica* decision is unavailing and this Court should instead follow the numerous other courts denying injunction of parallel state court actions to securities suits.

Plaintiff also argues that an injunction is necessary in aid of the court's jurisdiction since the state settlement could release claims based on the Exchange Act, over which federal courts have exclusive jurisdiction. Mot. at 17. However, it has long been established that state courts can release "a claim within the exclusive jurisdiction of the federal courts." *Matsushita Elec.*

*Indus. Co. v. Epstein*, 516 U.S. 367, 369 (1996); *TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982).  Indeed, courts have reached that result in the very context presented here: a release of federal securities law claims by the Delaware Court of Chancery.  *See, e.g.*, *Sandler Associates, L.P. v. Bellsouth Corp.*, 818 F. Supp. 695, 704 (D. Del. 1993), *judgment aff'd*, 26 F.3d 123 (3d Cir. 1994) ("[The Delaware Chancery Court has the] power to approve a release encompassing federal securities law claims . . . not within the subject matter jurisdiction of the Delaware state courts.").  But again, nothing in the *Malork* Settlement would release anything other than the redemption impairment theory squarely at issue in the Delaware action.

As the DCRB Defendants will explain more fully in their substantive response to the Injunction Motion, Plaintiff's request for an extraordinary injunction of a state court proceeding should be denied.

## III.   CONCLUSION

For the foregoing reasons, the DCRB Defendants respectfully request that the Court deny Plaintiff's Motion to Expedite (ECF. No. 111) and order that responses to Plaintiff's Injunction Motion be due on Friday, July 11, 2025 in accordance with the schedule provided by Local Rule of Civil Procedure 7(b)(2)(B).

   *__/s/ Jeffrey Crough_____*

   VINSON & ELKINS LLP

   Michael C. Holmes (*pro hac vice*)
   Jeffrey Crough (*pro hac vice*)
   2001 Ross Avenue, Suite 3900
   Dallas, Texas 75201
   Telephone:  +1.214.220.7700

   Marisa Antonelli
   1114 Avenue of the Americas
   New York, NY  10036-7708

Case 6:21-cv-06612-MAV-MJP Document 115 Filed 06/30/25 Page 11 of 11

Telephone: +1.212.237.0000

*Counsel for Peter Haskopoulos, Robert Tichio, Jennifer Aaker, Jane Kearns, Pierre Lapeyre, David Leuschen, Jim McDermott, Jeffrey Tepper, Michael Warren, Riverstone Investment Group LLC, Decarbonization Plus Acquisition Sponsor, LLC, and WRG DCRB Investors, LLC*

## **CERTIFICATE OF SERVICE**

I, Jeffrey Crough, hereby certify that a copy of this Opposition to Lead Plaintiff's Motion to Expedite was filed on June 30, 2025 with the Clerk of the District Court using its CM/ECF system, which will send copies to all counsel who have appeared in this action and registered with such system.

By: */s/ Jeffrey Crough*___
Jeffrey Crough