# EXHIBIT 5

**HAGENS BERMAN**

Lucas E. Gilmore    lucasg@hbsslaw.com

ATTORNEYS AT LAW

**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 HEARST AVENUE, SUITE 300
BERKELEY, CA  94710

**hbsslaw.com**

(510) 725-3052 phone    (206) 623-0594 fax

June 18, 2025

**VIA E-MAIL**

Erik W. Luedeke
ROBBINS GELLER RUDMAN &
DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
eluedeke@rgrdlaw.com

Jeffrey Crough
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
jcrough@velaw.com

David M. Sborz
ANDREWS & SPRINGER LLC
4001 Kennett Pike, Suite 250
Wilmington, DE 19807
dsborz@andrewsspringer.com

James M. Yoch, Jr.
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
1000 North King Street
Wilmington, DE 19801
jyoch@ycst.com

Gregory E. Del Gaizo
ROBBINS LLP
5060 Shoreham Place, Suite 300
San Diego, CA 92122
gdelgaizo@robbinsllp.com

Re:    **Demand that the *Malork* parties immediately carve out the federal securities class from any claims released by the *Malork* Settlement.**
*In re Hyzon Sec. Litig.*, No. 6:21-cv-06612-MAV-MJP (W.D.N.Y.);
*Malork v. Anderson, et. al.*, No. 2022-0260 (Del. Ch.)

Dear Counsel:

We represent Lead Plaintiff Alfred Miller and are the Court-appointed Lead Counsel in the above-referenced federal securities class action ("Federal Action") against Hyzon Motors, LLC ("Hyzon"), Decarbonization Plus Acquisition Corporation ("DCRB"), and their respective executives, directors, and controlling entities, including the surviving Defendants in the *Malork* action, Defendants Anderson, Aaker, Kearns, Lapeyre, Leuschen, Tichio, McDermott, Tepper, and Warren ("DCRB Director Defendants").

We understand that a proposed settlement has been reached in the *Malork* action and that the proposed settlement includes a broad release of claims. We request an immediate meeting to discuss the scope of this proposed release, as it appears to encompass

011054-11/3181074 V1

June 18, 2025
Page 2

certain claims pending in the Federal Action over which the federal court maintains exclusive jurisdiction.

**The Federal Action's Pending Claims**

In the Federal Action, Lead Plaintiff alleges, among other things, that the DCRB Director Defendants violated Section 14 of the Securities and Exchange Act of 1934 (and SEC Rule 14a-9 promulgated thereunder) by preparing, reviewing, and/or disseminating false and misleading soliciting materials. *See* Third Amended Complaint ¶¶ 543-52 (Federal Action, ECF No. 67). As alleged, the DCRB Director Defendants published these soliciting materials in the name of the DCRB Board and used them as essential links in the consummation of DCRB and Hyzon's July 16, 2021 SPAC Merger. *Id.*

Lead Plaintiff alleges that a reasonable shareholder would have considered the false or misleading statements in the soliciting materials to be important in deciding whether to vote for the Merger or exercise their redemption rights. *Id.* Accordingly, by preparing, reviewing, and/or disseminating the false or misleading soliciting materials, the DCRB Director Defendants injured Lead Plaintiff and the putative federal class—which includes all former shareholders of DCRB who were entitled to vote with respect to the July 16, 2021 SPAC Merger, *id.* ¶ 508 —in violation of Section 14 and Rules 14a-9.

Lead Plaintiff further alleges that DCRB Director Defendants Anderson and Tichio are also liable under Section 10(b) of the Exchange Act (and SEC Rule 10b-5 promulgated thereunder) for making certain false or misleading statements in the above-mentioned soliciting materials and for engaging in fraudulent and deceptive conduct in connection with the merger solicitation process.

**The *Malork* Stipulation's Overbroad Release of Claims**

Yesterday, the parties in the *Malork* action submitted a stipulation and proposed order informing the Delaware Chancery Court that the parties in the *Malork* action had reached a settlement to resolve the proposed state law class action. Upon review of the proposed settlement documents, however, it appears that the contemplated release also encompasses claims that are pending in the Federal Action.

In the Stipulation, the parties agree to seek certification of a class "consisting of all Persons who held shares of Decarb Class A common stock as of the Redemption Deadline, either of record or beneficially, and who did not redeem all of their shares …."—a class definition that overlaps with, if not completely envelops, the federal putative class members with Section 14 federal claims.

June 18, 2025
Page 3

And for this proposed Chancery class, the Stipulation includes an extremely broad release encompassing "any and all manner of claims, … of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, … *whether based on state, local, federal, foreign, statutory, regulatory, or common law* or equity or otherwise, that (a) Plaintiff or *any other member of the Class* individually or on behalf of the Class: (i) *alleged, asserted, set forth, or claimed against the Released Defendant Parties in the Action or in any other action in any other court, tribunal, proceeding, or other forum,* or (ii) could have alleged, asserted, set forth, or claimed against the Released Defendant Parties in the Action or in any other action in any other court, tribunal, proceeding, or other forum; and (b) *that are based upon, arise out of, or relate in any way to the impairment of the redemption rights of any Decarb Class A stockholder."* (Emphasis added.)

Thus, although the Federal Action plainly asserts claims for violations of Section 14(a) arising from the DCRB Defendants' alleged interference with investors' redemption rights, the *Malork* Stipulation appears to release Defendants from liability from *any* claim, including pending federal claims alleged by the federal putative class, relating to the impairment of those very same redemption rights. Moreover, construed liberally, the Stipulation could also potentially hamstring the federal putative class's Section 10(b) claims against Defendants Anderson and Tichio arising from fraudulent statements/omissions made, or scheme conduct occurring, prior to the July 2021 SPAC merger that could have in any way altered the balance of information available to shareholders when they were considering whether to exercise their redemption rights.

As you are aware, under Section 27 of the Exchange Act, federal courts have exclusive jurisdiction over claimed violations of Sections 10(b) and 14(a) of the Exchange Act. Consequently, Lead Plaintiff submits that the *Malork* court lacks the authority to adjudicate such pending claims; rather the release of such pending claims requires approval by the federal court with exclusive jurisdiction over those claims. A contrary result would frustrate the important federal rights created by the PSLRA.

In addition to potentially infringing on Lead Plaintiff and the federal putative class's asserted claims, the administration of the *Malork* settlement, as drafted, also threatens to confuse thousands of DCRB investors who are entitled to damages under the federal securities laws for the DCRB Director Defendants' interference with these investors' redemption rights. The *Malork* parties' settlement filings make no mention to the Chancery Court or the public of the coinciding federal class action. And the *Malork* parties' proposed schedule bestows on the *Malork* plaintiff the "obligation" to spend thousands, if not hundreds of thousands of dollars in settlement funds, to notify shareholders of a settlement which will not stand in the face of the federal putative class action's imminent objections.

HAGENS BERMAN

June 18, 2025
Page 4

**Conclusion**

Based on the foregoing, we are concerned about the potential implications of this broad release on the rights of the federal class members. To avoid potential conflicts, issues of claim preclusion, or collateral attacks on the settlement, we demand that the parties revise the Stipulation to make clear that it does not purport to release (or impact any recovery available under) any claims that are pled in, arise from, or in any way relate to the Federal Action.

We are available to meet and confer to discuss carveout language and/or the most efficient path for resolving this issues. Please let us know by close of business on Friday, June 20 what dates and times next week work for you for such a discussion.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Lucas E. Gilmore

LEG:bs

cc: Steve W. Berman (steve@hbsslaw.com)
Reed R. Kathrein (reed@hbsslaw.com)
Raffi Melanson (raffim@hbsslaw.com)
Brian J. Schall (brian@schallfirm.com)